711 So.2d 475 (1998)
In the Matter of ANONYMOUS, a minor.
2970565.
Court of Civil Appeals of Alabama.
March 3, 1998.
Opinion on Return to Remand March 6, 1998.
PER CURIAM.
A minor appeals from an order denying her petition for a waiver of parental consent to an abortion. We remand.
The minor, a 16-year-old child, lives with her mother, her 26-year-old sister, and her sister's 5 children in a 4-bedroom apartment. The minor states that her mother is an alcoholic and that her father is deceased. She is currently in the 11th grade and makes A's and B's in school. She is involved in a sorority that supports her church. The alleged father is 18; he has graduated from high school and is planning to attend college. He has offered to be responsible for paying the costs of the abortion and is willing to accompany the minor throughout the actual procedure. The minor testified that she plans to recover from the procedure at home or at the alleged father's house. The minor testified that she believes she is presently incapable of parenting a child, and that she feels the alleged father is equally incapable of this. She does not consider adoption to be an option because of the problems adopted children face, such as wondering about the identity of their natural parents. She stated that her relationship with her mother is not a good one and that her mother became violent with her sister the first time the sister became pregnant out of wedlock.
The minor stated that she understands the abortion procedure and the physical risks and complications it poses. She was not able to describe any emotional risks associated with the procedure, but stated that she was aware of such risks.
She petitioned the juvenile court on February 18,1998, for waiver of the requirement of parental consent to an abortion; she alleged in the petition that she was two months and three days pregnant. Pursuant to her request, the court appointed an attorney to represent her. On February 20, 1998, after *476 a hearing, the court denied the petition, with an order specifically finding that the minor is not mature and well enough informed to make the abortion decision, but making no finding as to whether the performance of the abortion would be in the best interest of the minor. The juvenile court further found in its order:
"Said minor is not well informed enough about the emotional and/or psychological effects that said abortion procedure would have on her if said procedure was administered. Minor advised of her appeal rights or her right to refile said petition after she is informed of the emotional and psychological risk involved."
The minor argues that the trial court's order is deficient because it makes no finding as to whether the performance of an abortion would be in her best interest, as required by the Parental Consent Act set forth at Ala. Code 1975, § 26-21-4(f) and (g). We agree that the order is deficient. Section 26-21-4 provides:
"(f) The required consent shall be waived if the court finds either:
"(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
"(2) That performance of the abortion would be in the best interest of the minor.
"(g) A court that conducts proceedings under this section shall issue written and specific factual findings and legal conclusions supporting its decision and shall order that a confidential record of the evidence be maintained for at least four years."
Because only one prong of the two pronged test set forth in the statute need be satisfied in order for the minor to be entitled to an order granting a petition for waiver of parental consent, a court denying such a petition must find both (1) that the minor is immature and not well enough informed to made the abortion decision alone and (2) that the performance of the abortion procedure would not be in her best interest. Ex parte Anonymous, 595 So.2d 497 (Ala.1992). The order in this case found only that the minor was not well enough informed about the emotional effects of the procedure to make the abortion decision independently. The juvenile court made no finding regarding the best interests of the minor. Given the absence of such a finding in the juvenile court's order, we conclude that the judgment denying the minor's petition for a waiver of parental consent is fatally flawed, and we remand the cause for the juvenile court to enter an order that meets the statutory requirements. Because time is of the essence, the juvenile court should make the required finding from the existing record, if possible; and the court is directed to submit that finding of fact to this court no later than 12:00 p.m. on Thursday, March 5,1998.
REMANDED WITH INSTRUCTIONS.
All the judges concur.

On Return From Remand
PER CURIAM.
In order to deny a minor a waiver of the requirement of her parents' consent to obtain an abortion, the court must specifically find that the minor is not mature and well enough informed to make the abortion decision and that the performance of the abortion is not in the best interests of the minor. Ex parte Anonymous, 531 So.2d 901 (Ala.1988). The trial court initially denied the waiver, finding that the minor was not sufficiently informed of the emotional consequences of having an abortion. The trial court, however, failed to make a finding as to whether it was in the child's best interests to have an abortion. We remanded the case for the trial court to address that issue. On remand, the court entered the following order:
"This Court further finds that the performance of the abortion is not in the best interest of said minor, ... and that the minor is not mature and well informed enough to make the abortion decision."
The only testimony in this case was by the minor. It is well settled that the ore tenus rule has no application when the facts are undisputed. Ex parte Anonymous, 618 So.2d 722 (Ala.1993). This court must determine whether the undisputed facts support the order denying her petition; we find that they do not.
*477 The court determined that the minor was not mature and well enough informed to make the abortion decision on her own, because, it said, she was not sufficiently informed about the emotional consequences of an abortion. The court's determination is not supported by the record. The minor testified that she had discussed the matter extensively with the alleged father; with her sister, who had had children out of wedlock; with her school counselor; with counselors at two women's clinics; and with a telephone counselor on an "abortion hot line." When asked by her attorney whether she was "going to be able to handle the emotional aspects of having an abortion," the minor answered in the affirmative. We find sufficient evidence indicating that the minor was informed of the emotional consequences of having an abortion.
Further, based on the facts set out in our initial opinion, we find that the minor is sufficiently mature and capable of making her own decision regarding an abortion. Her voluntary decision to resort to the judicial process, specifically requesting the advice of legal counsel, may, of itself, indicate maturity. Ex parte Anonymous, 595 So.2d 497 (Ala.1992). In addition, her considering a number of options, as well as her soliciting information and advice from a number of sources, demonstrates maturity. Id.
The minor testified that she is 16 years old; that she lives with an alcoholic mother who had become violent when she learned of her eldest daughter's pregnancy out of wedlock; that she cannot support a child; that she has no way of taking care of the child; that she has no money; that she wishes to finish high school and go to college; that she does not want to have a baby without being married; and that the alleged father is also not capable of taking care of a baby. The minor testified that she was aware of all other options and that she was aware of the emotional consequences that could follow an abortion.
In a case such as this, we do not question whether the minor is making a decision that we would approve of, but whether she is making a mature decision or one in her best interests. Under these circumstances, not only do we find her sufficiently mature and well enough informed to make the decision, but we also find it to be in her best interests to grant the parental-consent waiver.
The trial court misapplied the law to the facts in this case. Its judgment is reversed and the case remanded. Because of the importance of time, the trial court is directed to enter a judgment granting the waiver, not later than 4:00 p.m., March 6, 1998. If the trial court does not enter a judgment granting the waiver by that time, then effective 4:01 p.m. on that date a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS OR REVERSED AND JUDGMENT RENDERED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.