On June 1, 2001, an unemancipated minor, acting pursuant to §26-21-4, Ala. Code 1975, filed a petition seeking a waiver of parental consent for an abortion. On June 8, 2001, after conducting a hearing, the juvenile court entered an order denying the minor's petition. The minor appeals. We remand.
The minor is 16 years of age, has never been married, and is a junior in high school. She is attending a local college this summer to get college credit, has gained an early acceptance to that college, *Page 727 
and will graduate early from high school. She has accepted a job beginning in January after she graduates, in the field in which she plans to study.
The minor testified that she sought counseling from an abortion provider and a "pro-life" organization. She testified that she saw a video of an abortion being performed, and she described the abortion procedure to the court. She stated that she understands the possible medical consequences, which include hemorrhaging and death. The minor testified that she understood that adverse psychological effects could result from an abortion. She also testified that the women's clinic that was to provide the abortion would provide psychological counseling if it was needed.
She testified that she and her boyfriend were having protected sex when that method of birth control failed. She stated that she has discussed the abortion with her boyfriend and that he would go with her to have the abortion. The minor stated that she has discussed the abortion with the youth minister at her church.
She testified that she had discussed with her parents their feelings on abortion. She stated that they were in favor of abortion "if there was abuse in the family." She testified that "my parents wouldn't support [abortion] but they think if parents would support it then that would be okay but my parents are really against premarital sex." She testified that her parents might babysit for the child if she had the baby, but that they would not help her financially.
Following the ore tenus proceeding, the trial court denied the petition for waiver, stating in its order:
 "This matter is before the Court on a Petition for Waiver of Consent. . . .
 "Following the taking of testimony, the Guardian ad litem [for the fetus] made an oral motion that the Court order the minor child to discuss this matter with her parents or in the alternative to talk to a medical doctor.
 "Upon consideration of the testimony and the oral motion of the Guardian Ad Litem, the Court makes the following findings of fact.
 "The Court is aware of the recent appellate court decision in the case of Anonymous[1] and the findings made therein. In reviewing the appellate court opinion, this Court quotes from page three of the [slip opinion]:
 "`In this case the decision made by the trial court was not whether the minor should have an abortion. Rather, the decision the trial court was called upon to make was whether the minor should be permitted to have an abortion without first consulting her parents and obtaining their consent. After hearing the minor testify, the trial court concluded that the minor should not have the abortion without her parents' knowledge or consent.'
 "Further in the opinion and on the same page at the end of page three [of the slip opinion], the Court went further to say:
 "`No evidence before the trial court indicated that the minor's parents would react inappropriately to the news of her pregnancy or that their input would not be in her best interests.'
"The Court further went on to say: *Page 728 
 "`The evidence indicates an intact, fully functional family, which appears capable of dealing with this unfortunate situation.'
 "Having heard the testimony of the minor, and taking into consideration the motion of counsel for the unborn, the Court is of the opinion in this particular case that she needs to talk to her parents concerning the facts of this case and talk to her parents about their knowledge and consent, and for that reason the Court will not sign the waiver at this time."
Section 26-21-3(a) provides that no person shall perform an abortion on an unemancipated minor without the written consent of either a parent or a legal guardian, except as provided for in § 26-21-4 or §26-21-5.[2] Section 26-21-4(d)(4) provides that in order to obtain a judicial waiver of the parental-consent requirement, a minor must file a petition, which is to include:
"An allegation of either or both of the following:
 "a. That the petitioner is sufficiently mature and well enough informed to intelligently decide whether to have an abortion without the consent of either of her parents or legal guardian.
 "b. That one or both of her parents or her guardian has engaged in a pattern of physical, sexual, or emotional abuse against her, or that the consent of her parents, parent or legal guardian otherwise is not in her best interest."
Section 26-21-4(f) provides that the required consent shall be waived if the court finds either that "the minor is mature and well-informed enough to make the abortion decision on her own," or that the "best-interest" criterion has been met. Section 26-21-4(g) provides that the court conducting the proceedings "shall issue written and specific factual findings and legal conclusions supporting its decision."
Under the statutory requirements as set out by the legislature in § 26-21-4, in order for a minor to be entitled to an order granting a petition for a waiver of parental consent, only one prong of the two-pronged test need be satisfied. A court denying such a petition must find both: (1) that the minor is immature and not well enough informed to make the abortion decision alone and (2) that the performance of an abortion would not be in her best interest. Ex parte Anonymous,595 So.2d 497 (Ala. 1992); Matter of Anonymous, 711 So.2d 475
(Ala.Civ.App. 1998).
In the present case, the trial court's order denying the petition does not include the statutorily required findings that the minor is not mature and well enough informed to make the abortion decision alone and that the performance of the abortion would not be in her best interest. Absent those findings, the trial court's order is fatally flawed. Exparte Anonymous, 595 So.2d 497; Matter of Anonymous, 711 So.2d 475; Matterof Anonymous, 684 So.2d 1337 (Ala.Civ.App. 1996).
Given the complete absence of the statutorily required findings, we conclude that the judgment denying the minor's petition for waiver of parental consent is fatally flawed, and we remand the cause for the court to enter an order complying with the applicable statute. Because time is of the essence, the court should make the required findings from the existing record, and it is to submit its findings to this court *Page 729 
no later than 4:00 p.m. on Monday, June 18, 2001.
REMANDED WITH INSTRUCTIONS.*
Yates, P.J., and Crawley, J., concur.
Thompson, Pittman, and Murdock, JJ., concur in the result.
* Note from the reporter of decisions: On June 18, 2001, the trial court filed its return to the remand order. On June 19, 2001, on motion of the appellant, the Court of Civil Appeals dismissed the appeal.
[1] The trial court is referring to this court's opinion in Matter ofAnonymous, 803 So.2d 529 (Ala.Civ.App. 2001).
[2] Section 26-21-5 relates to medical emergencies compromising the health, safety, or well-being of the mother; that section is not at issue in this case.