808 So.2d 1025 (2001)
Ex parte ANONYMOUS, a minor.
In the matter of Anonymous, a minor.
1001649.
Supreme Court of Alabama.
June 25, 2001.
PER CURIAM.
An unemancipated minor petitions this Court to review the judgment of the Court of Civil Appeals affirming the trial court's denial of the minor's petition for a waiver of parental consent to an abortion. We reverse the judgment of the Court of Civil Appeals and remand.
Alabama's Parental Consent Statute, § 26-21-1 et seq., Ala.Code 1975, allows a minor to petition for a waiver of the requirement that a parent or a legal guardian consent to her having an abortion. The minor in this case filed her *1026 petition pursuant to § 26-21-4, Ala.Code 1975, which provides, in part:
"(a) A minor who elects not to seek or does not or cannot for any reason, obtain consent from either of her parents or legal guardian, may petition, on her own behalf, the juvenile court, or the court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this chapter. Notice by the court to the minor's parents, parent or legal guardian shall not be required or permitted."
The requirement of parental consent shall be waived if the trial court hearing the minor's petition finds either:
"(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
"(2) That performance of the abortion would be in the best interest of the minor."
§ 26-21-4(f), Ala.Code 1975. To deny a waiver-of-parental-consent petition, the trial court must find that the minor is not mature and not well-informed enough to make the abortion decision alone and that the performance of an abortion would not be in her best interest. In re Anonymous, 805 So.2d 726, 728 (Ala.Civ.App.2001), citing Ex parte Anonymous, 595 So.2d 497 (Ala.1992), and In re Anonymous, 711 So.2d 475 (Ala.Civ.App.1998).
The minor filed her petition in the trial court on May 24, 2001. A hearing on the petition was held on May 25, 2001. That hearing was recessed; it reconvened on May 29, 2001. Following this ore tenus proceeding, at which only the minor testified, the trial court denied the minor's petition. The trial court entered its handwritten findings on a form used in denying a petition for the waiver of parental consent. Those findings read:
"Child has discussed abortion with a friend and her pediatrician over this last weekend. Child left the abortion clinic before she was scheduled to talk to [the physician who would perform the abortion].
"Child has shown no substantial reason that she cannot tell her father, her custodian, about her pregnancy: He is a professor and a practicing Catholic who she believes would encourage her to place the child for adoption. She believes he would send her to live with a relative outside of Alabama because her older sister became pregnant previously and the father said he was going to send her away. The sister miscarried before leaving home. The child states that if she does not have an abortion, her second choice is to deliver the baby and place it for adoption.
"The child herein has received no counseling regarding the psychological impact of abortion. She states that she received a paper from Planned Parenthood which states that `most women are relieved after an abortion' and that even though `some are sad after killing their baby, they recover quickly.' This court paraphrases said testimony as a transcript is not available.
"Based on the ruling of the Alabama Court of Civil Appeals in In the Matter of Anonymous, a minor, [711 So.2d 475 (Ala.Civ.App.2001)] entered May 21, 2001, this petition is denied as the child did not consult with the doctor performing the abortion when offered the opportunity, has not been informed regarding psychological effects of abortion and states no basis for failing to inform her father of her predicament.
"[The minor] is a high school student with average grades and no extracurricular activities and is unemployed. She has not informed the putative father of her pregnancy."
*1027 The trial court's order denying the petition does not adequately set out the findings it is required by statute to make that the minor is not mature and well-informed enough to make the abortion decision and that the performance of an abortion would not be in her best interest.[1] Therefore, the trial court's order is flawed. See In re Anonymous, 711 So.2d 475.
Additionally, the trial court made no finding as to the minor's credibility as a witness. The trial court did not support its findings with any commentary regarding the minor's demeanor or her performance as a witness. For example, we are not told whether the minor conducted herself in a manner inconsistent with the gravity of the occasion or whether she appeared to be merely parroting a rehearsed script so as to suggest to the trial court that she lacked a genuine understanding of what she was saying or what she was planning. The trial court recited the minor's explanation for not wanting to tell her father but then rejected it without elaborating on why she considered the explanation insufficient.
Justice Lyons, in his special concurrence in Ex parte Anonymous, 803 So.2d 542, 555 (Ala.2001) (Lyons, J., concurring specially), quoted the following from In re Jane Doe, 19 S.W.3d 249 (Tex.2000), which addresses a trial court's obligation when making findings in a waiver-of-parental-consent case:
"`A determination of maturity necessarily involves more trial court discretion. However, if a court determines that a minor has not demonstrated that she is mature enough to make a decision to undergo an abortion, then the court should make specific findings concerning its determination so that there can be meaningful review on appeal. Similarly, if a court concludes that a minor is not credible in some respect that directly relates to its determination of maturity, the court should make specific findings in that regard as well.'"
803 So.2d at 559, quoting In re Jane Doe, 19 S.W.3d at 257.
In Ex parte Anonymous, supra, this Court noted:
"[I]n a case where a minor seeks a waiver of parental consent for an abortion and no adverse party cross-examines her or otherwise challenges her testimony, a rule compelling acceptance of undisputed live testimony as truewithout affording any deference to the trial court's ability to observe and assess the demeanor of the witnessis unsound. In such a casewhere the trial court has had the opportunity to observe the witness and where assessments of the level of the minor's maturity are crucial the trial court's findings should be afforded considerable deference. In particular, it was the trial judge's responsibility to determine whether the petitioner is mature enough and well-informed enough about the abortion procedure to make an independent decision whether to undergo an abortion without parental consent. See § 26-21-4(f), Ala. Code 1975. In addition to hearing the testimony, the trial judge could observe the minor and could consider her demeanor as she testified.... We conclude that because the decision [to grant or to *1028 deny a waiver of the requirement of parental consent] must be based upon facts gleaned from the testimony best evaluated by the trial court, the ore tenus rule should apply."
803 So.2d at 546-47. (Footnote omitted.)
The trial court issued its ruling on this petition before this Court released its opinion in Ex parte Anonymous, supra. In light of the lack of specificity in the trial court's findings, we are unable to determine whether the trial court has abused its discretion. Therefore, we reverse the judgment of the Court of Civil Appeals and remand this case to that court. That court should, no later than 5:00 p.m. on Tuesday, June 26, 2001, remand this cause to the trial court and order that court to supplement its findings and submit to this Court those supplemented findings. Because time is of the essence, the Court of Civil Appeals should direct the trial court to submit its findings by 5:00 p.m. on Thursday, June 28, 2001.
REVERSED AND REMANDED.
SEE, BROWN, and STUART, JJ., concur.
HOUSTON and LYONS, JJ., concur specially.
MOORE, C.J., and HARWOOD, J., concur in the result.
JOHNSTONE, J., concurs in the result in part and dissents in part.
WOODALL, J., dissents.
LYONS, Justice (concurring specially).
I join fully in the majority opinion. At the outset, I reiterate the majority's recognition that this Court's opinion in Ex parte Anonymous, 803 So.2d 542 (Ala.2001), had not been released on May 29, 2001, when the trial court entered its order in this difficult case.
The trial court entered handwritten findings on a form used by a trial court when it denies a petition for a waiver of parental consent. The printed portion of the form recites that the trial court did not find the existence of either of the two statutory grounds that would support a waiver of parental consent.[2] The record before this Court reflects that the trial court underlined only that portion on the form indicating a negative finding as to the minor's maturity and the adequacy of the minor's information to make a decision on her own, i.e., the grounds stated in § 26-21-4(f)(1), Ala.Code 1975. I cannot be certain whether the trial court also found that an abortion would not be in the best interest of the minor. See § 26-21-4(f)(2).
I might infer, although I cannot be certain, that the trial court's support for its finding that the minor is not sufficiently mature is her testimony that she left the abortion clinic before she was scheduled to talk to the physician. However, this statement supports only the finding that the minor is not sufficiently informed. Because the minor was assured by her pediatrician that more than likely she would not have any physical problems in undergoing an abortion, I am not, at this juncture, convinced that the petition should be denied based upon her not being sufficiently well-informed if that conclusion is based solely on the minor's failure to consult with the doctor performing the abortion.
*1029 On the other hand, the portion of the trial court's order that I consider most compelling concerns the adequacy of counseling afforded the minor on the psychological impact of an abortion. The trial court found that the minor had reviewed a "paper" from Planned Parenthood on this topic. However, the minor did not make the paper an exhibit to this proceeding.
Because I am unable to determine whether the trial court abused its discretion in denying the petition for a waiver of parental consent for an abortion, I concur in the majority opinion.
HOUSTON, J., concurs.
MOORE, Chief Justice (concurring in the result).
The trial court's order specifically indicates that it found the minor not to be sufficiently mature and well-informed enough to undergo an abortion without parental consent. From that finding one might infer that having an abortion is not in the minor's best interest. Nevertheless, § 26-21-4(g) Ala.Code 1975, requires the trial court to enter "specific factual findings" as to these criteria; therefore, I concur in the result.
JOHNSTONE, Justice (concurring in the result in part and dissenting in part).
I concur in the result to the extent that we are reversing. I dissent, however, from the remand. I respectfully submit that we should render a judgment granting the relief sought by the minor.
The trial judge's order denying relief already states her operative reasons for her ruling:
"Based on the ruling of the Alabama Court of Civil Appeals in In the Matter of Anonymous, a minor, entered May 21, 2001, this petition is denied as the child did not consult with the doctor performing the abortion when offered the opportunity, has not been informed regarding psychological effects of abortion, and states no basis for failing to inform her father of her predicament."
Section 26-21-4, Ala.Code 1975, requires only that the minor prove either that "the petitioner is mature and well-informed enough to make the abortion decision on her own" or that "performance of the abortion would be in the best interest of the minor." § 26-21-4(f)(1) and (2), Ala.Code 1975. The statute does not require the minor to "consult with the doctor performing the abortion," to be "informed regarding the psychological effects of abortion," or "to inform her father of her predicament." See my dissents in Ex parte Anonymous, 806 So.2d 1269, 1279 (Ala. 2001), and Ex parte Anonymous, 803 So.2d 542, 560 (Ala.2001). The rationale of the trial judge in effect adds these elements of proof as prerequisites to relief under the statute. This addition is judicial legislation, prohibited by Art. III, § 43, Alabama Constitution of 1901. Id.
Second, the main opinion errs by applying the ore tenus rule rather than the de novo standard of review. Id. In applying the ore tenus rule, the main opinion invites subjective decision-making by the trial judge and denies the minor any real appellate review by obliging this Court to defer to the subjective impressions of the trial judge. Id.
The minor is correct in citing Bose Corp. v. Consumers Union, 466 U.S. 485, 508-09, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984):
"`This Court's duty is not limited to the elaboration of constitutional principles; we must also in proper cases review the evidence to make certain that those principles have been constitutionally applied.... We must "make an independent examination of the whole record..." [(quoting New York Times v. *1030 Sullivan, 376 U.S. 254, 285, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)) ].'"
In note 27, Bose further holds:
"This Court `has an "obligation to test challenged judgments against the guarantees of the First and Fourteenth Amendments," and in doing so "this Court cannot avoid making an independent constitutional judgment on the facts of the case." Jacobellis v. Ohio, 378 U.S. 184, 190, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964) [opinion of BRENNAN, J.]....'"
Moreover, Bachellar v. Maryland, 397 U.S. 564, 566, 90 S.Ct. 1312, 25 L.Ed.2d 570 (1970), holds: "When `a claim of constitutionally protected right is involved, it remains our duty * * * to make an independent examination of the whole record.'" (Quoting Cox v. Louisiana, 379 U.S. 536, 545 n. 8, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965).) Cox, in turn, was quoting Edwards v. South Carolina, 372 U.S. 229, 235, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963); Blackburn v. Alabama, 361 U.S. 199, 205 n. 5, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960); Pennekamp v. Florida, 328 U.S. 331, 335, 66 S.Ct. 1029, 90 L.Ed. 1295 (1946); and Fiske v. Kansas, 274 U.S. 380, 385-86, 47 S.Ct. 655, 71 L.Ed. 1108 (1927).
WOODALL, Justice (dissenting).
The trial court entered findings sufficient to allow meaningful appellate review. Therefore, there is no need to remand this case, and I must dissent.
NOTES
[1] We note that the trial court's handwritten findings appear on a form used to deny a petition for a waiver of parental consent. The printed portion of the form states that the trial court did not find either of the two statutory grounds to exist. The trial court, however, underlined only that portion of the form indicating that it had not found the minor to be mature and well-enough informed to make a decision on her own, i.e., the ground stated in § 26-27-4(f)(1).
[2] Waiver of parental consent can be granted if the court finds either:

"(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
"(2) That performance of the abortion would be in the best interest of the minor."
§ 26-21-4(f), Ala.Code.1975.