812 So.2d 1234 (2001)
Ex parte ANONYMOUS, a minor.
In the Matter of Anonymous, a minor.
1001962.
Supreme Court of Alabama.
August 16, 2001.
PER CURIAM.
An unemancipated 17-year-old petitions this Court for review of the judgment of the Court of Civil Appeals. That court affirmed the trial court's denial of the petitioner's request for a waiver of her guardian's consent to an abortion. This proceeding is the fifth of its kind to come before this Court in recent months. See Ex parte Anonymous, 810 So.2d 786 (Ala. 2001) ("Ex parte Anonymous (July 30)"); Ex parte Anonymous, 808 So.2d 1025, opinion on submission of findings, 808 So.2d 1030 (Ala.2001); Ex parte Anonymous, 806 So.2d 1269 (Ala.2001) ("Ex parte *1235 Anonymous (June 21)"); Ex parte Anonymous, 803 So.2d 542 (Ala.2001) ("Ex parte Anonymous (June 1)").
The Court of Civil Appeals, noting that the trial court failed to include in its order written, specific factual findings and legal conclusions supporting the judgment as required by § 26-21-4(f), Ala.Code 1975, reversed the trial court's judgment and remanded the case on July 27, 2001. In re Anonymous, 812 So.2d 1221 (Ala.Civ.App. 2001). The trial court filed an amended order on return to remand, and on August 3, 2001, in an "on-return-to-remand" opinion, the Court of Civil Appeals affirmed the trial court's judgment denying the petitioner's request for a waiver of her guardian's consent to an abortion. In re Anonymous, 812 So.2d 1221 (Ala.Civ.App. 2001).
The on-return-to-remand opinion of the Court of Civil Appeals quotes from its opinion on original submission, summarizing the evidence and the proceedings of the case to that point and describing the trial court's amended order. The Court of Civil Appeals stated:
"This is the second time this matter has been before this court. In In re Anonymous, 812 So.2d 1221 (Ala.Civ. App.2001), this court set forth the relevant procedural history and facts.
"`On July 17, 2001, an unemancipated minor filed a petition pursuant to § 26-21-4, Ala.Code 1975, seeking a waiver of parental consent for an abortion. The trial court conducted a hearing. On July 20, 2001, the trial court entered an order denying the minor's petition for a waiver of parental consent. The minor appealed.
"`The record indicates that the minor is 17 years old. At the time of the hearing, she was six weeks pregnant. The minor is about to start her senior year in high school. She has a 3.0 grade-point average, and she is involved in her high-school band. The minor plans to attend college; she has been accepted at a college and is currently completing applications for financial aid. She is also saving her earnings from her weekend job to defray some of her college expenses.
"`The minor's grandmother is her legal guardian. The minor testified that she has lived with her grandmother since she was two or three years old. The minor testified that she sees her mother only once a week, and that she has not had any contact with her father since she was in the sixth grade.
"`The minor testified that her grandmother is religious and that she is opposed to abortion. She testified that the grandmother had told her that if she became pregnant while she was a teenager, the grandmother would "put [the minor] out" of the home. The minor testified that the grandmother had made the minor's aunt move out of the home when the aunt became pregnant at the age of 18.
"`The minor testified that she and the baby's father had considered and discussed their options for approximately two weeks before she sought the judicial bypass at issue in this appeal. The father is 18 years old and plans to attend college in the fall. He is not employed. The minor testified that she and the father both feel they are not ready for a child and that they are financially unable to care for a baby. The minor testified that she did not want to place the baby for adoption because she did not want others handling her responsibilities, *1236 and because she felt that placing the child for adoption would be more emotionally stressful to her than an abortion would be.
"`The minor has not sought her mother's advice because her mother is opposed to abortion. The minor testified that she had spoken with her 20-year-old sister, who is a college student. The minor said that her sister did not give her any advice other than to say that the minor should ensure that she (the minor) was "all right" with her decision.
"`The minor has also spoken with her godmother, a 37-year-old mother of two children. The minor testified that the godmother would accompany her to the clinic for the abortion procedure and that she would take care of her afterwards. The godmother testified at the hearing that the minor was mature and that the minor had thoroughly evaluated her options before deciding to seek a waiver of her grandmother's consent for an abortion.
"`The minor testified that she had spoken to a doctor and a counselor at the medical center where the abortion would be performed. The minor was able to describe the abortion procedure, and she was informed about the risks involved. The minor testified that she had no health problems and that the doctor at the medical center had told her she could expect to experience no difficulties in undergoing the abortion procedure. The minor testified that she understood that free post-abortion counseling was available if she needed it after the procedure. The minor has discussed the psychological implications of abortion with a counselor at a mental health clinic. The minor testified that she has also read an article entitled "How Women Cope After Their Abortion: Implications for Pre-Abortion Counseling."
"`In denying the minor's petition, the trial court stated, in part:
"`"The court makes this decision after a review of Ex parte Anonymous, 808 So.2d 1025 (Ala.2001), and Ex parte Anonymous, 806 So.2d 1269 (Ala.2001). The court denies this Petition based on this court's review of the minor's composure, analytic ability, appearance, tone of voice, expressions, and overall demeanor. This court notes that the answers given by the minor appeared to be [given] in an almost rehearsed manner. There was not any expression of emotion from either the minor or the godmother[, who] also testified. In a review of [`How Women Cope After Their Abortion: Implications for Pre-Abortion Counseling'], there is not any evidence that the minor child actually reviewed the document and understood or considered the content of the same."
"`. . . .
"`In this case, the trial court stated merely that it denied the minor's petition; its judgment is on the same form used by the trial court in Ex parte Anonymous, supra. Although it stated that the minor's testimony lacked credibility, the trial court did not find that the minor is not mature or sufficiently well-informed to make the abortion decision and that an abortion would not be in her best interests. See § 26-21-4(f)(1) and (2)....'
"(Emphasis added [in In re Anonymous, opinion on return to remand].)
"On remand, the trial court issued an amended order containing the specific factual findings required by § 26-21-4(f), *1237 Ala.Code 1975, and Ex parte Anonymous, 808 So.2d 1025 (Ala.2001)."
812 So.2d at 1224-26.
The Parental Consent Statute, §§ 26-21-1 et seq., Ala.Code 1975, provides for a waiver of the requirement for a parent or guardian's consent to a minor's obtaining an abortion where the trial court finds either:
"(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
"(2) That performance of the abortion would be in the best interest of the minor."
§ 26-21-4(f).
In Ex parte Anonymous (June 1), this Court held that in appeals from the denial of a minor's petition for a waiver of parental consent for an abortion the ore tenus rule applies to the trial court's findings regarding the minor's maturity and the degree of her knowledge about the abortion procedure.
In Ex parte Anonymous (July 30), this Court summarized the recent caselaw on this issue:
"In Ex parte Anonymous, 806 So.2d 1269 (Ala.2001) (`Ex parte Anonymous II'), this Court reaffirmed its holding in Ex parte Anonymous I [Ex parte Anonymous, 803 So.2d 542 (Ala.2001)] regarding the application of the ore tenus rule in waiver-of-parental-consent cases. The Court noted that the trial court's findings concerning the minor's demeanor, i.e., her `composure, analytic ability, appearance, thoughtfulness, tone of voice, expressions, and her ability to articulate her reason and conclusions,' 806 So.2d at 1274, were due the presumption of correctness afforded by the ore tenus rule.
"`The petitioner would have us hold, as a matter of law, that the facts in the instant case are sufficient to demonstrate that she is mature and sufficiently well-informed to receive a waiver of parental consent for an abortion. This we are not prepared to do. Words in a transcript that suggest maturity may, in fact, be disputed by the delivery of the witness's own testimony and by her demeanor. As we have already stated, the trial court is in the best position to determine these factual issues.'"
810 So.2d at 790 (quoting Ex parte Anonymous (June 21), 806 So.2d at 1278). Thus, where the trial court bases its findings in part on its assessment of the minor's demeanor in a proceeding where the minor is not subject to cross-examination, this Court affords those findings "considerable deference." Ex parte Anonymous (June 1), supra, 803 So.2d at 546.
The petitioner argues that "[t]he record... overwhelming[ly] supports a finding that the petitioner is sufficiently mature and well enough informed to make the decision [to undergo an abortion] independently." However, we no longer limit our review to the objective facts to which the witnesses testified and the inferences that can be drawn from those facts. Under the standard applicable to this case, the findings of the trial court based upon its assessment of the minor's demeanor are due "considerable deference." Ex parte Anonymous (June 1), supra, 803 So.2d at 546.
In its amended order, the trial court expressly found the petitioner and her godmother not to be credible witnesses, stating:
"In the Order of Denial, this court was aware of the Parental Consent Statute... and made a legal determination that the minor child was not mature and well-informed enough to make the abortion decision on her own and that performance *1238 of the abortion would not be in the best interest of the minor. The court recognizes that the words on the transcript of this case appear that the minor said all the correct words and was very well informed concerning her desire to obtain the Parental Consent Waiver. However, this court has found that the minor's testimony was not believable and/or credible. This court further questioned the credibility of the minor's godmother in her testimony. As a factual basis for said conclusion, this court referred to the fact that the testimony of the minor and the godmother appeared to be rehearsed and that neither of the two individuals showed any emotion concerning the very serious request that they were making in this proceeding. This court further notes that the minor introduced into evidence Exhibits 1, 2, and 3 [two letters from the medical clinic and the article `How Women Cope After Their Abortion'] and would tell this court that these documents are used to further prove that the minor is mature and well informed and has fully reviewed the possible long-term psychological effects of an abortion. This court did not believe the minor or her godmother....
". . . .
"The fact that the minor child has applied for college, has answered the questions asked and has presented documents to this court does not prove to this court that she is mature and well informed enough to make the abortion decision on her own and that the abortion would be in the best interest of the minor. This court makes this conclusion, not from the plain words used by the minor and/or the documents presented alone; this court makes this decision [from] inferences from the minor's composure, analytic ability, appearance, thoughtfulness, tone of voice, expressions and her ability to articulate her reasons and conclusions."
The trial court's conclusions, although subjective, were based on its having personally viewed the witnesses as they testified and cannot be questioned on appeal, where we have before us only a cold, printed record.
The petitioner seeks to overturn the trial court's judgment, which is based on these adverse findings, by condemning the trial court's doubts as to the witnesses' credibility as "vague and unelaborated" and by noting that the trial court did not ask any questions of the witnesses. The petitioner contends that "the trial court's findings with respect to the petitioner's demeanor and credibility are nothing more than bare assertions that lack support in the record and bear no logical connection to the maturity, level of knowledge or best interest [of the minor]."
The trial court stated that the testimony of the petitioner and her godmother lacked emotion and appeared rehearsed. Speculating as to what the trial court's reaction might have been had one or more of the witnesses cried is an exercise in second-guessing the trial court's discharge of its duty, an exercise for which appellate courts are particularly unsuited.
The trial court's findings based upon "the minor's composure, analytic ability, appearance, thoughtfulness, tone of voice, expressions and her ability to articulate her reasons and conclusions" are subjective judgments. Obviously, such findings would be more informative if they were supported by illustrations, where practicable. But these findings are not vague expressions of intuition, as the petitioner contends, that we should disregard as a matter of law. Such findings, by their nature, in many instances elude any meaningful elaboration. Nevertheless, we note *1239 that in an appropriate case a remand might be necessary for illustrations to support the trial court's findings, to the extent practicable, so as to allay concerns that the mere recitation by a trial court of these terms or similar descriptive terms will be a talismanic mantra, the use of which will result in the affirmance of the trial court's judgment in these cases. In this case, however, the petitioner has expressly indicated that she does not want another remand.
Finally, in what truly is a "bare assertion," the petitioner states that "the trial court in this case seemed to explicitly recognize that by couching its determinations in terms of demeanor and appearance, it could render its holding essentially `review-proof.'" The petitioner then quotes the statement in the dissenting opinion in Ex parte Anonymous (June 1) condemning the application of the ore tenus rule in these cases as a means of allowing judges who have a bias against abortions to violate constitutional and statutory law. If by this argument the petitioner suggests that this trial judge has a hidden agenda that compels him to disregard the clear requirements of his oath of office, we have nothing before us to support such a conclusion. Absent any basis on which to impeach the integrity of the trial judge, we cannot refuse, as the petitioner urges us to do, to give considerable deference to the trial court's findings with respect to the minor's credibility and demeanor when she testified before that court.
We affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
MOORE, C.J., and SEE, LYONS, BROWN, and STUART, JJ., concur.
HOUSTON, JOHNSTONE, HARWOOD, and WOODALL, JJ., dissent.
HOUSTON, Justice (dissenting).
The trial court asked the minor no questions, yet it found that "the minor's testimony was not believable and/or credible." That is hard for me to comprehend. Certainly, if the trial court believed that a witness who had not been cross-examined was lying, it had a duty "[t]o unmask falsehood and bring truth to light."[1]
The trial court also "questioned the credibility of the minor's godmother in her testimony." The godmother had not been cross-examined, yet the trial court did not question her. That is also hard for me to comprehend.
We may not be able to pick up from the record what the trial judge as the trier of fact was able to observe. However, if the undisputed testimony is true, then I believe under Ala.Code 1975, § 26-21-4, the Legislature has given the minor the right to the relief she seeks.
All the record shows is that the trial court did not find the minor believable or credible and did not find the godmother credible because they "appeared to be rehearsed" and "neither ... showed any emotion." I am certain that most, if not all, parties to litigation are told by their attorneys what questions the attorneys propose to ask and are asked what their answers to those questions will be. I cannot believe that the fact that the testimony of a party or a witness has been rehearsed indicates that the testimony is a lie. Perhaps I am naive to believe in the honor and integrity of the legal profession, but I think not; I cannot, and will not, assume that because an attorney did his or her duty in preparing a party or a witness for trial that that attorney suborned perjury.
*1240 JOHNSTONE, Justice (dissenting).
I respectfully dissent. I adopt the scholarly and true dissent published by Presiding Judge Yates in this case when it was before the Court of Civil Appeals. In the Matter of Anonymous, 812 So.2d 1221, 1229 (Ala.Civ.App.2001). I add some observations of my own.
These waiver-of-consent cases, like all cases, should be decided on the basis of the evidence and the law. Religious opposition to abortion in this state is so pervasive and intransigent that we especially need a standard of review on appeal that will differentiate effectively between those judgments based on the evidence and the law and those judgments based on nonjudicial factors. The conflict between the constitutional nature of the right pursued by the minor and the unconstitutional nature of a denial based on religious or religiopolitical factors renders the absence of an effective standard of review a denial of the due process of law guaranteed the minor by the Fourteenth Amendment to the United States Constitution.
A majority of this Court, however, has recently rejected such a standard, has adopted instead the ore tenus rule, has invited findings on demeanor and delivery to exploit the ore tenus rule, and has adopted a practice of remanding these cases to the trial judges so that they can add suggested fact findings and judicial rationale to decisions which otherwise cannot withstand even the most sympathetic appellate scrutiny and which commonly reveal a nonjudicial basis. See the main opinions and special writings in Ex parte Anonymous, 808 So.2d 1025, opinion on submission of findings, Ex parte Anonymous, 808 So.2d 1030 (Ala.2001); Ex parte Anonymous, 806 So.2d 1269 (Ala.2001); Ex parte Anonymous, 803 So.2d 542 (Ala. 2001). The instant main opinion continues this wrong trend.
Even the ore tenus rule, as recently adopted and interpreted by this Court in waiver-of-consent cases, does not warrant an affirmance of the denial of relief to this minor.
"[T]he heightened deference given by this Court to a trial court's findings of fact by the application of the ore tenus rule does not amount to a conclusive presumption that the trial court's findings are correct."
Ex parte Anonymous, 810 So.2d 786, 791 (Ala.2001). This Court is supposed to afford findings of fact about the minor's demeanor "considerable deference," Ex parte Anonymous, 803 So.2d 542, 546 (Ala. 2001), not absolute deference. In the case now before us, the trial judge admitted
"that the words on the transcript of this case appear that the minor said all the correct words and was very well informed concerning her desire to obtain the Parental Consent Waiver."
The trial judge then questions the credibility of the minor and her godmother-witness because their testimony "appeared to be rehearsed and ... neither of the two individuals showed any emotion concerning the very serious request that they were making in this proceeding." The implicit premise that a display of emotion reveals truth and the absence of emotion reveals a lack of truth, is false. Common experience does not establish any such correlation. Likewise false is the implied premise that rehearsed testimony is false. If rehearsed testimony meant false testimony, lawyers would not be allowed, and indeed expected, to prepare their witnesses. Moreover, the knowledge the minor must demonstrate in this sort of proceeding may properly derive from any source, even from her lawyer if it did, inasmuch as the purpose of this knowledge is simply to prepare the minor's own mind for her own decision. *1241 In this sort of case, someone else's supplying the minor with an answer about abortion or its risks or consequences would serve the entirely legitimate purpose of supplying her with that information for her use in making her decision.
The trial judge's fact findings against the minor on the issues of her maturity and her best interests are not only contrary to all of the evidence visible in the record but are also entirely conclusionary. The conclusionary nature of these findings frustrates the manifest purpose of § 26-21-4(g), Ala.Code 1975, requiring written findings of fact. The purpose is to allow the appellate courts to judge whether the trial court has decided the case on the basis of the evidence and the law.
Thus, the trial judge's irrational fact findings and his conclusionary fact findings do not reduce the controlling effect of the minor's proof of her case apparent on the face of the record before us. The trial judge himself admitted the sufficiency of the evidence apparent on the face of the record.
Finally, § 26-21-4(e) allowed this trial judge only 72 hours to render his judgment with "written and specific factual findings and legal conclusions." He consumed the entirety of his 72 hours and more in issuing his first decision. It was so defective that even the Court of Civil Appeals recognized it could not withstand appellate scrutiny even in the refuge of the ore tenus rule. Because the trial judge's statutory time to regulate this minor's constitutional right to an abortion had expired, the only ruling the statutory and constitutional law allowed the Court of Civil Appeals was to reverse the trial court and to render judgment granting the minor her relief. Instead, the Court of Civil Appeals, following recent bad precedent by this Court, defied § 26-21-4(e) and allowed the trial judge still more time to rationalize his denial of relief in legally sufficient terms. Thus, the trial judge's revisions done on remand are a nullity. The only legally existing trial court decision is the unaffirmable original.
This minor's first trimester is rapidly expiring and the obvious calamity of this pregnancy is fast approaching. We should reverse and render.
WOODALL, Justice (dissenting).
I dissent. The trial court's judgment is plainly erroneous and manifestly unjust, as Presiding Judge Yates explained in her well-reasoned dissent from the opinion of the Court of Civil Appeals. In re Anonymous, 812 So.2d 1221, 1229 (Ala.Civ.App.2001)(opinion on return to remand). This Court has allowed the minor's constitutional and statutory rights to be defeated by conclusory statements of the trial court, which are belied by the record.
HARWOOD, J., concurs.
NOTES
[1] Shakespeare, The Rape of Lucrece, line 940.