THOMPSON, Presiding Judge,
dissenting.
I respectfully dissent from the main opinion’s reversal of the award of retirement benefits to the wife based on its conclusion that there is no evidence supporting a determination of the amount of benefits accrued during the parties’ marriage. The evidence supports the conclusion that husband started working as a college student for the United States Corps of Engineers (“the Corps”) before the parties’ marriage. He worked, at that time, on a rotating quarter basis as part of a “co-op” program. During the parties’ marriage, the husband became employed by the Corps as a full-time employee and accumulated retirement benefits. The husband indicated that he was still employed by the Corps at the time of the underlying proceedings. There is no evidence indicating that the husband worked for any other employer during the marriage.
The husband testified that he had accumulated retirement benefits during the time he had worked as a “co-op” student employed by the Corps. The trial court found the husband’s testimony on this issue not to be credible.[3] Therefore, the evidence the trial court did find to be credible indicates that the husband’s retirement benefits were accumulated entirely during the marriage.
It is well settled that “[t]he trial court is in the best position to observe the demean- or of witnesses and to assess their credibility.” Yellow Freight Sys., Inc. v. Green, 612 So.2d 1209, 1211 (Ala.Civ.App.1992); see also Ex parte Anonymous, 812 So.2d 1234 (Ala.2001); Justice v. Arab Lumber & Supply, Inc., 533 So.2d 538, 543-44 (Ala.1988); and Petrey v. Petrey, 989 So.2d 1128, 1134 (Ala.Civ.App.2008).
*657 I conclude that in this case the trial court properly exercised its discretion in determining whether retirement benefits had accrued before the parties’ marriage. I disagree with the main opinion’s conclusion that, in the context of a divorce or other civil action, a trial court must accept as fact testimony it determines to be unbelievable simply because there is no evidence in opposition to that testimony. In a case often relied on by this court, our supreme court held that undisputed testimony may be disregarded by the trial court when the testimony is not found to be credible. Hall v. Mazzone, 486 So.2d 408 (Ala.1986).
Specifically, our supreme court stated:
“In this case, the trial court took evidence on the issue of the last residence of Robert Hines Hall that was presented both orally and by deposition. The problem is that only one witness, Mary Florence Hall, testified orally before the trial court on this issue. Her testimony was that her father lived at the Pace place at the time of his death, an assertion contrary to the trial court’s finding. Defendants argue that the ore tenus rule should not apply where the trial court’s finding is contrary to all of the oral testimony. We do not agree.
“The ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility of witnesses. In this case, the trial court observed one witness testify concerning this issue and made a determination of credibility. The fact that this determination was negative does not entitle us to ignore it. The fact remains that the trial court, having heard the testimony of one witness, is in a better position to resolve conflicting evidence than are we who must rely solely on written documents. Therefore, we accord the trial court’s finding a presumption of accuracy, and we examine the record only to determine if that finding was clearly erroneous.”
Hall v. Mazzone, 486 So.2d at 410-11(some emphasis in original; some emphasis added).
Given the presumption of correctness in favor of the trial court’s perception of the evidence, see Hall v. Mazzone, supra, and Petrey v. Petrey, supra, I must disagree with the main opinion’s conclusion that the trial court erred in determining that the husband had accumulated no retirement benefits before the parties’ marriage. Accordingly, I respectfully dissent.
PITTMAN, J., concurs.

. Specifically, in its postjudgment order, the trial court stated:
"The Court heard contradictory evidence regarding the [husband's] acquiring retirement prior to the marriage, and does not find [the husband's ] testimony that he earned retirement when he worked as a co-op student — one quarter on/one quarter off— during college to be credible in this regard."
(Emphasis added.)