This is an appeal from the denial of a waiver of consent for an abortion by an unemancipated minor.
The minor filed her petition and requested appointment of counsel on December 3, 1992, and the matter was heard on December 10, 1992. The trial court found that the minor was not "mature and well informed enough to make the abortion decision, and the performance of the abortion is *Page 718 
not in the best interests of the minor" and denied the petition. The minor appeals.
The record reflects that the minor is sixteen years old and was approximately seven weeks pregnant at the time of the hearing. She is in the eleventh grade, where she makes A's and B's. She also has a part-time job. She presently lives with a relative because her parents are temporarily living outside the state due to the father's employment. She testified that she intends to go to college and to graduate school.
The minor testified that she immediately went to the doctor when she thought she was pregnant; that she became pregnant by her boyfriend, who is presently attending college; that they used condoms every time they had sex; and that she has discussed the pregnancy with him and he supports her decision. She testified that she had discussed the procedure, the risks, and the physical complications with the Birmingham Women's Medical Clinic. She also testified that she called Save-A-Life, a "pro-life" organization and discussed the alternatives to abortion, including adoption, and that she thinks she is able to "handle this whole thing emotionally." She fears telling her parents because her father has been violent toward her and has inflicted injury to her for minor reasons and, if she tells her mother, her mother will tell her father.
After the minor had testified, the trial court stated "I'm going to deny. She needs to talk to her mother. Her father is not present, even present in this state. Her excuse about being afraid of her father's violence doesn't fly with me." Although the trial court's order states that the minor is not mature and well informed enough to make the decision and that the performance of the abortion is not in the best interests of the minor, the denial of the petition appears to be based on the fact that the minor needed to talk to her mother.
Our supreme court has held that factors that demonstrate maturity include the minor's decision to resort to the judicial procedure; requesting the advice of legal counsel; and her decision to seek advice from a group opposed to abortion in order to get a broader perspective on the issue. Ex parteAnonymous, 595 So.2d 497 (Ala. 1992). The minor in this case did all of these things. She also had been advised regarding the medical and physical aspects of the procedure. There is nothing in the record except positive evidence that the minor is sufficiently mature to make this decision. Also, the record is void of any evidence that the abortion is not in the best interests of the minor. In accordance with our supreme court's decisions, including Ex parte Anonymous, 595 So.2d 499
(Ala. 1992), this court must reverse the judgment of the trial court. This case is remanded for the entry of a judgment, within three days from the release of this opinion, granting the minor the waiver of consent.
Due to the absence of one of the members of this court, the presiding judge has requested a retired appellate judge to sit on this appeal.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and WRIGHT, Retired Appellate Judge, concur.
RUSSELL, J., dissents.