An unmarried, unemancipated female under the age of 18 years ("the petitioner") appeals from a judgment denying her petition for a waiver of parental consent for the medical termination of her pregnancy. We reverse.
The record reveals the following facts. The petitioner is 16 years old and is approximately two months into her pregnancy. She is in the eleventh grade, has a 4.0 *Page 1108 
grade-point average, and plays varsity sports for her high school. After graduation, the petitioner plans to study biology at one of the state's public universities, and plans to finance her college education either by scholarship or through student loans. Apart from having asthma, for which she takes prescribed medication, she is in good physical health.
The petitioner lives with her parents and her younger siblings; she also has a 20-year-old sister who attends college. In the hearing before the trial court, the petitioner testified that her relationship with her parents is "indifferent"; that her parents do not "get along" with each other; and that her father is prone to go "into rages" (for which he has sought and obtained medical treatment). The petitioner's parents have expressed their opposition to abortion. When asked whether her parents had made any statements indicating what they might do if she became pregnant, the petitioner replied that they had said simply, "You better not." The petitioner testified that she did not consult her parents because, she said, they would "go nuts," they would force her to keep any child born of her pregnancy, and they would refuse to allow her to place her child up for adoption.
The petitioner first became aware of her pregnancy after she received the results of a pregnancy test at a health center in a city near her hometown that offers "abortion alternatives," i.e., that does not offer pregnancy-termination services or counsel its patients to undergo such procedures. At that time, the petitioner talked with an adult counselor at the center, who told the petitioner that abortion was "horrible" and that the petitioner "didn't need to have that done."
After her visit to that center, the petitioner then sought advice at another health center that performs abortion services. At that second center, the petitioner and another adult counselor talked about the options available to the petitioner with respect to her pregnancy. The petitioner testified that she had considered alternatives to terminating her pregnancy, but that she had ruled out those alternatives because she wants to go to college and to pursue a career, both of which she believes will be difficult to accomplish if she has a child.[1]
The counselor at the second health center specifically informed the petitioner that terminating her pregnancy might result in feelings of guilt, and stated that if the petitioner had any uncertainty about undergoing the procedure, she should not do it. The petitioner was also informed of the specific medical risks of abortion. Upon examination by her appointed counsel, the petitioner indicated that these risks included infection, bleeding, hemorrhaging, excessive blood clots, and possible damage to (or loss of) the uterus. However, she testified that in spite of her awareness that there were "a lot of risks," she was willing to accept those risks, and she testified that she was emotionally and mentally prepared to go through with the procedure, which she plans to undergo at the second health center and to pay for with personal savings. She also testified that in the event of any medical complications from the procedure, she would go to a hospital and telephone her older sister. She also stated that she had been offered post-termination counseling at the health center.
Under Alabama law, no person, subject to certain exceptions, may use any instrument, medicine, drug, or any other substance or device to terminate the pregnancy of an unemancipated minor unless that person "first obtains the written consent of either parent or the legal guardian of the minor." See §§ 26-21- 2(3) and 26-21-3(a), Ala. Code 1975. The petitioner sought from the trial court a judicial waiver, pursuant to § 26-21-4, Ala. Code 1975, of that *Page 1109 
requirement, alleging (1) that she was mature and well enough informed to intelligently decide to have an abortion without the consent of either parent or a legal guardian, and (2) that the consent of her parents or legal guardian was not in her best interest; she also sought to have counsel appointed to represent her. After a proceeding at which the above facts were adduced, the trial court entered an order on Unified Judicial System ("UJS") Form JU-28 denying the waiver. In its order, the trial court stated that the petitioner "is not mature and well informed enough to make the abortion decision" and that "the performance of the abortion is not in the best interest of the [petitioner]." However, we note the absence of specific, written findings of fact in the "further findings" section of the UJS form — that section merely reiterates the trial court's view "[t]hat performance of the abortion would not be in the petitioner's best interest."
This court, in In re Anonymous, 771 So.2d 1043 (Ala.Civ.App. 2000), summarized the pertinent legislative background and the applicable legal standards governing petitions for a judicial waiver of parental consent in the area of pregnancy termination:
 "In 1987, our legislature enacted the present law regarding waiver of parental consent for minors seeking an abortion. The legislature provided that parental consultation is usually desirable and in the best interest of the minor. However, the legislature provided an avenue for minors who are mature enough to make a mature decision and, for instances where a minor's family is not supportive, to be able to proceed without parental consent. The legislature enacted § 26-21-3(e), Ala. Code 1975, which states:
 "`A minor who elects not to seek or does not or cannot for any reason, including unavailability or refusal by either or both of her parents or legal guardian under this section, may petition, on her own behalf, the juvenile court, or court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this section pursuant to the procedure of Section 26-21-4.'
 "The procedure set out by the legislature for a minor to petition for a waiver of parental consent is set forth in § 26-21-4, which states:
 `"[a] minor who elects not to seek or does not or cannot for any reason, obtain consent from either of her parents or legal guardian, may petition, on her own behalf, the juvenile court, or the court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this chapter. Notice by the court to the minor's parents, parent or legal guardian shall not be required or permitted. The requirements and procedures under this chapter shall apply and are available to minors whether or not they are residents of this state.'
 "The legislature provided that the required parental consent shall be waived if the court finds that the minor is mature and well- informed enough to make the abortion decision on her own or if performance of the abortion is in the minor's best interest. § 26-21- 4(f)(1) and (2). The Alabama Supreme Court has determined that under that statute, the `petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interest.' Ex parte Anonymous, 595 So.2d 497, 498 (Ala. 1992) (emphasis in original).
771 So.2d at 1044.
We find dispositive the issue whether the petitioner has demonstrated that she *Page 1110 
was sufficiently mature and informed to warrant a waiver of the parental-consent requirement for the termination of her pregnancy.
In this case, the trial court was presented with undisputed evidence that compels only one conclusion: the petitioner is sufficiently mature and well enough informed to make her own decision concerning whether she should terminate her pregnancy. First, the petitioner's voluntary decision to seek a judicial waiver, and to request specifically the advice of appointed counsel, "may, of itself, indicate maturity." Ex parte Anonymous, 595 So.2d 497, 499 (Ala. 1992). Moreover, the petitioner's initial decision to seek advice from a health center whose staff is opposed to abortion further demonstrates maturity. See id. That showing is further buttressed by the petitioner's consideration of a number of options in addition to the termination of her pregnancy, as well as her soliciting information and advice from another adult at a second health center. See Ex parte Anonymous, 664 So.2d 882, 884 (Ala. 1995).
We also note that the record amply demonstrates the petitioner's knowledge of the potential medical and physical risks associated with the artificial termination of a pregnancy, which favors a conclusion that she is sufficiently mature and informed. In re Anonymous, 618 So.2d 717, 718
(Ala.Civ.App. 1992). Finally, we note the petitioner's plans concerning payment for the procedure, her consideration of the various effects of not terminating her pregnancy, her intent to seek medical help should medical complications arise, and the stated availability of counseling resources to the petitioner after a termination procedure has been performed, all of which support the granting of a waiver. In re Anonymous, 628 So.2d 854,854-55 (Ala.Civ.App. 1993) (reversing denial of waiver where minor had secured resources to fund abortion, understood complication risk, and expressed desire not to be single parent without means); Ex parte Anonymous, 618 So.2d 722, 724 (Ala. 1993) (reversing denial of waiver where counseling was available to minor for any emotional turmoil and where minor knew of risk of hemorrhaging). All of these factors demonstrating that the petitioner is mature and informed, especially when considered alongside the absence of any "written and specific factual findings and legal conclusions supporting [the trial court's] decision" (see § 26-21-4(g), Ala. Code 1975), compel a conclusion that the trial court was plainly and palpably wrong in denying a judicial waiver in this case. See In re Anonymous, 515 So.2d 1254 (Ala.Civ.App. 1987).[2]
Based upon the foregoing facts and authorities, the trial court's judgment is due to be reversed, and the cause remanded. Because of the importance of time, the trial court is directed to enter a judgment granting the waiver not later than 1:00 p.m. Wednesday, May 24, 2000. If the trial court does not enter a judgment granting the waiver by that time, then effective 1:01 p.m., May 24, 2000, a judgment granting the waiver is rendered by this court. See § 12-22-70, Ala. Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS OR REVERSED AND JUDGMENT RENDERED.
All the judges concur.
[1] The petitioner became pregnant by a 16-year-old boy, whom she met through her church; the petitioner testified that he supports her decision.
[2] Having concluded that the petitioner met her burden of proof as to the first prong of § 26-21-4(f), we need not address the best-interest prong. Ex parte Anonymous, 664 So.2d at 884. *Page 1111