An unemancipated minor appeals from the denial of her petition for a waiver of parental consent for an abortion. The minor filed her petition pursuant to § 26-21-4, Ala. Code 1975. Following a hearing, the trial court summarily denied the minor's petition. We reverse and remand.
The record reveals the following facts: The petitioner is 17 years old and is approximately 8 weeks into her pregnancy. She is in the 11th grade and is in the honors program at her high school. She works part-time to provide for her own needs, but she does not work during the week, in order to study. After graduation, she plans to attend college.
The petitioner lives with her parents and several siblings. Her older sister is married and lives in her own home. At the hearing, the petitioner testified that her father drinks to excess and becomes violent. Recently, she said, he slapped her and told her to "get out of the house," after she had asked him to turn down the volume of the television because she was trying to do her homework. She stated that she cannot imagine what he would do if she told him she was pregnant. She stated that her father had told her that if she ever came home pregnant he would kill her. She also stated that she did not believe he meant this literally, but that she believed he would whip her. She testified that her mother was also violent and had beaten her older sister until she bled. She testified that she believed her parents would whip her and then kick her out of *Page 792 
the house if she told them she was pregnant.
The petitioner first became aware that she might be pregnant about two weeks before the trial court's hearing. She stated that she had told the school nurse she might be pregnant and that the nurse told her to go to an office of the county health department to get a pregnancy test. She testified that she discussed her pregnancy with her school principal, who allowed her to miss school to seek outside advice about the pregnancy and to attend the trial court's hearing.
The petitioner testified that she discussed her pregnancy with counselors from the Save-A-Life organization, and that the counselors told her about abortion, adoption, and rearing the child herself. She stated that the counselors described three types of abortion procedures. She then went on to explain in detail to the court her understanding of those procedures. She stated that she understood there could be adverse consequences from having an abortion, including postabortion bleeding, infections, sterility, and depression. She also testified that she had gotten information on abortion from the Internet; documents from the Internet websites were admitted into evidence.
The petitioner stated that she discussed her pregnancy with her older sister and that the sister was concerned that their mother would refuse to have anything more to do with the petitioner if she learned of the pregnancy. The petitioner also stated that her sister was concerned that their father's health would worsen if the petitioner told him about the pregnancy, and she said that the sister told her she needed to consider how she would be able to care for the child if she decided to rear it. Her sister also told her she would be there "for her" no matter what she decided.
The petitioner testified that she had met her boyfriend, also a teenager, about one year ago and that she had had sexual relations with him twice. She said she told him she thought she might be pregnant and that he told her he was moving out of town, regardless of the pregnancy.
In 1987, the Legislature enacted § 26-21-4, regarding waiver of parental consent. The Alabama Supreme Court in Ex parte Anonymous,595 So.2d 497, 498 (Ala. 1992), held that under § 26-21-4 "the petition for waiver of parental consent may be denied only if the court specifically finds both [(1) that] the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests."
The issue whether the petitioner has demonstrated that she was sufficiently mature and informed to warrant a waiver of parental consent is dispositive in this case.
The trial judge signed a predrawn form entitled "DENIAL OF WAIVER OF CONSENT ORDER," which states that "the minor is not mature and well informed enough to make the abortion decision and the performance of the abortion is not in the best interest of the minor." The court made no specific findings of fact. By 26-21-4(g), the Legislature requires the court hearing a waiver-of-consent case to "issue written and specific factual findings and legal conclusions supporting its decision." See also Ex parte Anonymous, 595 So.2d 499 (Ala. 1992) (supreme court reversed the juvenile court's denial of a petition for waiver of consent where juvenile court had failed to make specific finding; there being nothing in the record but positive evidence indicating the minor was *Page 793 
mature and well informed, the supreme court granted the waiver).
The petitioner acted promptly in seeking a waiver. Her voluntary decision to seek a judicial waiver and to specifically request the advice of appointed legal counsel "may, of itself, indicate maturity." Id. at 499. She sought advice from Save-A-Life, a counseling service that is opposed to abortion; this fact further demonstrates maturity. She also demonstrated maturity by obtaining further information on abortion from the Internet. She testified that she had discussed her pregnancy with her older sister and that the sister would support her no matter what her decision was. She has also discussed her pregnancy with adults at her school. She testified about the medical procedures and the risks associated with an abortion; this fact indicates she is well informed and mature. In re Anonymous, 770 So.2d 1107 (Ala.Civ.App. 2000);Ex parte Anonymous, 618 So.2d 722 (Ala. 1993).
The judgment denying the waiver is reversed and the case is remanded. Because of the importance of time, the trial court is directed to enter a judgment granting the waiver, not later than 4:00 p.m., November 9, 2000. If the trial court does not enter a judgment granting the waiver by that time, then effective at 4:01 p.m. on that date a judgment granting the statutory waiver is rendered by this court. See §12-22-70, Ala. Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS OR REVERSED AND JUDGMENT RENDERED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.