833 So.2d 75 (2002)
In the matter of ANONYMOUS, a minor.
2010728.
Court of Civil Appeals of Alabama.
May 3, 2002.
*76 PER CURIAM.
A 17-year-old unemancipated minor filed a petition, pursuant to § 26-21-1 et seq., Ala.Code 1975, seeking a judicial waiver of parental consent for an abortion. She testified at the hearing on her petition that she was then 14 weeks pregnant. The minor, a high school student, testified that she is active in extracurricular activities, that she is a straight-A student, and that she plans to attend college and to study medicine in college. She testified that she had discussed the pregnancy and her alternatives with her boyfriend, who is the father; with a 29-year-old female neighbor; with a counselor at her school; and with a nurse at the abortion clinic where the procedure would be performed. She testified that her parents are opposed to abortion on religious grounds and that she does not consider delivering the baby and placing the baby for adoption to be an acceptable alternative.
Following the hearing, the trial court entered a judgment denying the petition; the judgment was entered on a printed form used for denying judicial waiver. The printed language on the form states, *77 in pertinent part, "that the minor is not mature and well informed enough to make the abortion decision and the performance of the abortion is not in the best interests of the minor." The court also made the following additional handwritten findings:
"The minor is not well enough informed of all of the consequences of the procedure and entire situation and has not taken sufficient steps to become informed. Also, the delay from the time that the minor discovered that she is pregnant to the time of filing the petition indicates that the minor is not mature enough to make the decision."
The minor appeals to this court from the judgment denying her request for a waiver of parental consent to an abortion. Section 26-21-4(a), Ala.Code 1975, provides, in part:
"A minor who elects not to seek or does not or cannot for any reason, obtain consent from either of her parents or legal guardian, may petition, on her own behalf, the juvenile court, or the court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this chapter."
Sections 26-21-4(f) and (g) provide, in pertinent part:
"(f) The required consent shall be waived if the court finds either:
"(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
"(2) That performance of the abortion would be in the best interest of the minor.[[1]]
"(g) A court that conducts proceedings under this section shall issue written and specific factual findings and legal conclusions supporting its decision...."
The ore tenus rule directs an appellate court to affirm a trial court's judgment that is based on factual findings unless those findings are "plainly erroneous or manifestly unjust." Ex parte Anonymous, 803 So.2d 542, 546 (Ala.2001) (quoting Noland Co. v. Southern Dev. Co., 445 So.2d 266, 268 (Ala.1984)).
The trial court's judgment clearly makes express factual findings as to both the maturity/well-informed prong of § 26-21-4(f)(1)and the best-interest prong of § 26-21-4(f)(2). The trial court's judgment expressly states both that "the minor is not mature and well informed enough to make the abortion decision" and that "the performance of the abortion is not in the best interests of the minor."
The minor in this case contends, however, that in order to deny her petition for a waiver of parental consent, the trial court was required to make specific, written factual findings of some nature not included in the trial court's judgment. In essence, the minor urges this court to impose on the trial court requirements not prescribed by the statute.
In Ex parte Anonymous, 595 So.2d 497 (Ala.1992), our Supreme Court stated:
"In her petition for review before this Court, the minor contends that the juvenile court failed to follow the procedure prescribed by the Parental Consent Act, Ala.Code 1975, § 26-21-4(f) and (g). These subsections provide:

*78 "`(f) The required consent shall be waived if the court finds either:

"`(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or

"`(2) That performance of the abortion would be in the best interest of the minor.
"`(g) A court that conducts proceedings under this section shall issue written and specific factual findings and legal conclusions supporting its decision and shall order that a confidential record of the evidence be maintained for at least four years.'
"(Emphasis added.) Thus, under this section, the petition for waiver of parental consent may be denied only if the court specifically finds both [ (1) that] the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests."
595 So.2d at 498 (emphasis on "specifically finds" added; other emphasis added in Ex parte Anonymous ). The Supreme Court remanded the case for the trial court to make findings of fact related to the maturity/well-informed prong of § 26-21-4(f)(1). On return to remand, the Supreme Court stated:
"[T]he legislature clearly intended that in order to deny a minor a waiver of her parents' consent to obtain an abortion, the court must specifically find two things: that the minor is not mature and well enough informed to make the abortion decision, and that the performance of the abortion is not in the best interest of the minor."
Ex parte Anonymous, 595 So.2d 499, 500 (Ala.1992) (first emphasis added; second emphasis original). See also, e.g., In re Anonymous, 711 So.2d 475, 476 (Ala.Civ. App.1998), opinion on return to remand (reversing a trial court's refusal to grant a waiver, but failing to find fault with the lack of specificity in the trial court's order, entered on remand, that stated merely that "the performance of the abortion is not in the best interest of [the] minor").
Further, the burden of proof with respect to both the maturity/well-informed prong and the best-interest prong of § 26-21-4(f) lies with the minor. See, e.g., Ex parte Anonymous, 664 So.2d 882, 884 (Ala.1995) (finding "that the minor met her burden of proof" as to the first prong of § 26-21-4(f)). Based on the evidence presented in this casewhich consists of nine transcript pages of testimony given by the minorwe cannot conclude that the trial court erred in finding that the minor failed to meet her burden of proof as to either prong of § 26-21-4(f).
In order for the trial court to have been required to grant the minor a judicial waiver under § 26-21-4(f)(1), it would have had to have been persuaded "[t]hat the minor is mature and[[2]] well informed enough to make the abortion decision on her own." (Emphasis added.) When asked by her attorney if she had talked with a "counselor about the procedure," the minor answered that she had talked to her "school counselor" about it. The minor also testified that she had talked to her boyfriend about it and to a 29-year-old neighbor who was a close friend. The *79 only other information gathered by the minor, and apparently the only information from a medical provider, was a talk with a nurse at the clinic where the abortion would be performed. In response to her attorney's question as to whether she had talked with anyone about "setting up [the] procedure," the minor testified as follows: "Yes, ma'am. I was there yesterday for about 30-45 minutes and the nurse talked to me and told me about everything that goes on, I mean, the whole procedure." When asked if the nurse had "discuss[ed] with you any of the potential complications that may occur," the minor responded in a conclusory manner as follows: "Yes, she did, she made me fully aware of everything that goes on and everything that could happen." The minor's counsel asked no other questions concerning how informed the minor was.
Given the lack of specifics provided by the minor on direct examination by her attorney, the trial court evidently had concerns regarding how informed the minor was. The court further questioned the minor as follows:
"THE COURT: Have you also considered any kind of psychological, you know, impact that the entire situation might
"THE WITNESS: You mean after?
"THE COURT:would have?
"THE WITNESS: I have set up meetings with my counselorI mean, I told her I was gonna come here and do this and if I got it I was gonna get it done next week. And we have set up meetings, you know, after for counseling and stuff afterwards just to help me in case I have any, like, problems. Like, I don't think I will be, like, depressed, or anything, but we have talked about setting up some meetings and stuff afterwards."
In response to a later question by the trial court inquiring as to what information the minor had obtained from the clinic nurse, the minor described in general terms some aspects of the abortion procedure itself and then added that she and the nurse had talked about "alternatives and stuff and what would happenor what could happen, what could possibly happen, like, you know, what could go wrong and stuff, we talked about all that, too." She testified that she had not been provided any written information by the abortion clinic or by any other source.
With the exception of a brief reference to depression, the minor failed to demonstrate a knowledge of any specific immediate or long-term physical, emotional, or psychological risks of having an abortion. Except for conclusory statements that she was well-informed, the record in this case contains relatively little evidence indicating that the minor was aware of, appreciated, or had seriously considered those risks. Compare, e.g., Ex parte Anonymous, 806 So.2d 1269 (Ala.2001), and Ex parte Anonymous, 803 So.2d 542 (Ala.2001), with the present case. See generally Planned Parenthood v. Casey, 505 U.S. 833, 882-83, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) (recognizing that "[i]n attempting to ensure that a woman apprehends the full consequences of her decision, the State furthers the legitimate purpose of reducing the risk that a woman may elect an abortion, only to discover later, with devastating psychological consequences, that her decision was not fully informed").
In § 26-21-1(a)(1), Ala.Code 1975, the Legislature expressed its intent to further what it called "the important and compelling state interest" in protecting minors against their own immaturity. The Legislature likewise made express findings that
"(1) immature minors often lack the ability to make fully informed choices *80 that take account of both immediate and long-range consequences, (2) the medical, emotional and psychological consequences of abortion are serious and can be lasting, particularly when the patient is immature, (3) the capacity to become pregnant and the capacity for mature judgment concerning the wisdom of an abortion are not necessarily related, (4) parents ordinarily possess information essential to a physician's exercise of his best medical judgment concerning the child, and (5) parents who are aware that their minor daughter has had an abortion may better insure that she receives adequate medical attention after her abortion."
Ala.Code 1975, § 26-21-1(b) (emphasis added). Section 26-21-1(b) thus concludes by stating that "[t]he legislature further finds that parental consultation is usually desirable and in the best interests of the minor."
Based on the testimony of the minor in this case, the trial court was not persuaded that the minor was "sufficiently mature and well enough informed" to intelligently decide whether to have an abortion without the consent of her parents. After reviewing that testimony, we cannot conclude that the trial court's judgment was "plainly erroneous or manifestly unjust" in this regard. See generally Ex parte Anonymous, 803 So.2d 542.
We turn now to the best-interests prong of § 26-21-4(f)(2). The minor argues that this second prong "was not even addressed by the [trial] court in its findings." The minor is incorrect in this regard.
As noted, the trial court's judgment contains an express written finding "that performance of the abortion is not in the best interest of the minor." Following this statement, which is included in a printed portion of the trial court's judgment, appears the phrase "The court further finds that" (emphasis added), followed by additional handwritten statements regarding the court's findings as to the maturity/well-informed prong.
In Ex parte Anonymous, 808 So.2d 1025 (Ala.2001), our Supreme Court found deficient the trial court's judgment in a parental-consent case, entered on the same printed form as used by the trial court in the present case. In Ex parte Anonymous, however, the handwritten additions to the form suggested that the trial court had based its judgment only on the maturity/well-informed prong found in § 26-21-4(f)(1). Specifically, the judgment at issue in Ex parte Anonymous stated, in pertinent part:
"`Based on the ruling of the Alabama Court of Civil Appeals in In the Matter of Anonymous, a minor, [803 So.2d 529 (Ala.Civ.App.2001) ], ... this petition is denied as the child did not consult with the doctor performing the abortion when offered the opportunity, has not been informed regarding psychological effects of abortion and states no basis for failing to inform her father of her predicament.'"
808 So.2d at 1026 (emphasis added). The suggestion of this particular language that the trial court based its decision on the maturity/well-informed prong alone was bolstered by the fact that, although both the maturity/well-informed prong and the best-interest prong were included in the printed portion of the trial court's judgment, the trial court had underlined only the printed language indicating that it found the minor not to be sufficiently mature and informed to make a decision. See Ex parte Anonymous, 808 So.2d at 1027 n. 1 (Ala.2001). As Justice Lyons explained in his special concurrence:
"The record before this Court reflects that the trial court underlined only that portion on the form indicating a negative *81 finding as to the minor's maturity and the adequacy of the minor's information to make a decision on her own, i.e., the grounds stated in § 26-21-4(f)(1), Ala. Code 1975. I cannot be certain whether the trial court also found that an abortion would not be in the best interest of the minor. See § 26-21-4(f)(2)."
Ex parte Anonymous, 808 So.2d at 1028 (Lyons, J., concurring specially).
In contrast, in the present case, neither the printed clause indicating a negative finding as to the maturity/well-informed prong, nor the printed clause indicating a negative finding as to the minor's best interests, were underlined so as to suggest that the trial court might have focused on only one of those two grounds in making its ruling. Moreover, nothing in the handwritten portion of the judgment indicates that the trial court was not simply adding "further" findings to those already stated in the printed portion of the judgment. The judgment in the present case does not suggest in the same manner as did the judgment in Ex parte Anonymous, 808 So.2d 1025, that the trial court based its judgment only on a finding under § 26-21-4(f)(1).
As previously discussed, § 26-21-4(f)(2) states that the required consent shall be waived if the court finds "[t]hat performance of the abortion would be in the best interest of the minor." Judge Crawley's dissent points out that the quoted wording is found in the printed portion of the trial court's judgment and concludes that the trial court merely reached a "legal conclusion" as opposed to a factual finding. As previously discussed, however, (1) whether the minor is sufficiently mature and well-informed enough to intelligently make the abortion decision without input from her parents or guardian and (2) whether it would be in her best interest for the court to waive parental consent are facts that must be found by the trial court. As the Supreme Court stated in Ex parte Anonymous, 806 So.2d 1269, 1273:
"The first question that ... we ask, is whether the determination of maturity, of whether the minor is well-informed, and of whether an abortion is in the minor's best interest are questions of law or fact. The parental-consent statute itself provides sufficient guidance to answer this question. Section 26-21-4, Ala.Code 1975, specifically requires a hearing and requires the trial court to `issue written and specific factual findings' at the conclusion of the hearing."
As to the issue of best interests, specifically, the Supreme Court stated:
"`[T]he question of what is or is not in the "the best interests of the child" is a question of fact....' Schotz v. Oliver, 361 So.2d 605, 607 (Ala.Civ.App.1978). `The determination of the best interests of the child is a question for the trier of fact. "We do not overturn the decision of the trial court unless we are persuaded of an abuse of discretion or the presence of a violation of some legal principle." `Pace v. Pace, 22 P.3d 861, 865 (Wyo.2001). The `best interests of a child is a matter or question of ultimate fact reviewable under the clearly erroneous standard of review.' In re Doe, 89 Hawai'i 477, 487, 974 P.2d 1067, 1077 (Haw.Ct.App.1999)."
806 So.2d at 1274.
It is the trial court's responsibility to weigh the evidence before it and to make factual findings. This is true both in those cases that involve credibility issues and those cases that do not. "The trial court's factual findings have the effect of a jury's verdict. A judgment, grounded on such findings, is accorded, on appeal, a presumption of correctness which will not be disturbed unless plainly erroneous or manifestly unjust." Noland Co. v. Southern *82 Dev. Co., 445 So.2d 266, 268 (Ala.1984). Further, our Supreme Court has held that when a trial court's judgment in a judicial-waiver case such as this is based on oral testimony, the ore tenus rule applies. Ex parte Anonymous, 803 So.2d 542 (Ala. 2001).[3] Moreover, the presumption of correctness that attaches to a trial court's factual findings is not dependent on the degree of detail included in those findings.[4]
It was the minor's burden to explain and prove why, in this case, contrary to the Legislature's general finding that it is in the best interest of a minor not to obtain an abortion without parental consent (§ 26-21-1(b)), it was in her best interest to do so. The trial court's judgment plainly indicates that the court concluded that the minor did not meet her burden of proof. Again, based on the limited record before us in this particular case, we cannot conclude that the trial court erred to reversal in this regard. See Ala.Code 1975, § 26-21-1(b). See generally Ex parte Anonymous, 595 So.2d 497, 498-99 (Ala. 1992); Bellotti v. Baird, 443 U.S. 622, 642-43, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979) (plurality opinion).
AFFIRMED.
PITTMAN and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result.
YATES, P.J., and CRAWLEY, J., dissent.
THOMPSON, Judge, concurring in the result.
The trial court made the express finding that having an abortion was not in the petitioner's best interests and that the petitioner was not sufficiently mature and well-informed to make the abortion decision. The trial court did not specifically detail, in separate handwritten findings, how it arrived at its determination that an abortion was not in the petitioner's best interests. However, under the particular facts of this case, I conclude that such detailed factual findings as to that issue *83 were not necessary to the resolution of this appeal.
The transcript of the testimony taken in the proceeding below comprises a total of nine double-spaced pages in the record on appeal. In her brief testimony, the petitioner presented very little evidence regarding the issue whether an abortion would be in her best interest: she testified only that she hoped to go to medical school, that she was too young to marry, that she could not give a baby up for adoption, and that, if she consulted her parents, she believed they would refuse to consent to her having an abortion. In explaining her belief that her parents would not consent to an abortion, the petitioner testified: "They are veryI mean, they are Christian people and they wouldthey would notthey just do not believe in it. They just think it is wrong." In this case, this court can readily discern from the evidence in the record, or, more accurately, from the lack of evidence submitted in support of the petition, the basis for the trial court's finding that having an abortion was not in the petitioner's best interest.
A review of the record on appeal clearly demonstrates that the petitioner simply did not meet her stringent burden under § 26-21-4, Ala.Code 1975. The judges who dissent to today's opinion would remand the case to the trial court to enter a more detailed judgment. There is no benefit, under the particular facts of this case, in creating a further delay. Given the time-sensitive nature of this case, the lack of evidence in support of the petition, and the need for judicial economy, I agree with the main opinion's affirmance of the trial court's judgment.
YATES, Presiding Judge, dissenting.
I dissent from the majority's order of affirmance in this case. Section 26-21-3(a), Ala.Code 1975, a portion of the Parental Consent Act, prohibits any person from performing an abortion "upon an unemancipated minor unless he or his agent first obtains the written consent of either parent or the legal guardian of the minor," except as otherwise provided in the Act. Section 26-21-3(e) provides:
"A minor who elects not to seek or does not or cannot for any reason, including unavailability or refusal by either or both parents or legal guardian, obtain consent from either of her parents or legal guardian under this section, may petition, on her own behalf, the juvenile court, or court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this section pursuant to the procedure of Section 26-21-4."
Section 26-21-4(f) provides:
"The required consent shall be waived if the court finds either:
"(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
"(2) That performance of the abortion would be in the best interest of the minor."
Section 26-21-4(g) provides:
"A court that conducts proceedings under this section shall issue written and specific factual findings and legal conclusions supporting its decision and shall order that a confidential record of the evidence be maintained for at least four years. A transcript of the proceedings shall be recorded and if there is an appeal as provided in subsection (h), a transcript of the proceedings shall be prepared forthwith." (Emphasis added.)
In the present case, the trial court entered a "Denial of Waiver of Consent Order" *84 on a preprinted form provided for such denials. The preprinted form contains blanks in which the trial court is to make findings as to the minor's age and the length of the pregnancy. The section of the form concerning findings then states: "that the minor is not mature and well informed enough to make the abortion decision and the performance of the abortion is not in the best interest of the minor." There is a large blank space on the form (preceded by the phrase "The Court further finds that"), wherein the trial court in this case wrote:
"The minor is not well enough informed of all of the consequences of the procedure and entire situation and has not taken sufficient steps to become informed. Also, the delay from the time that the minor discovered that she is pregnant to the time of filing the Petition indicates that the minor is not mature enough to make the decision."
Clearly, the trial court's judgment fails to comply with the mandate of § 26-21-4(g), Ala.Code 1975, and is flawed in that the only express factual findings are directed to the prong of § 26-21-4(f) addressing the minor's maturity and knowledge. Ex parte Anonymous, 808 So.2d 1025 (Ala.2001); In re Anonymous, 771 So.2d 1043 (Ala.Civ.App.2000). Specifically, the trial court did not make any factual findings to support its decision that an abortion is not in the best interest of the minor.
Moreover, the express factual findings by the trial court that refer to maturity and the minor's degree of knowledge about the abortion procedure are contrary to the evidence in the record. The trial court found that the minor had not "taken sufficient steps to become informed," despite her testimony that she had received information from a nurse and a counselor, that she was fully aware of the procedure and its possible complications, and that she had already made appointments for additional counseling after the procedure. The trial court also found that "the delay from the time that the minor discovered that she is pregnant to the time of filing the petition indicates that the minor is not mature enough to make the decision."
In Ex parte Anonymous, 664 So.2d 882 (Ala.1995), our supreme court disagreed with the trial court's finding that the 17-year-old minor was not mature enough to understand the consequences of an abortion where she was 17 to 20 weeks into her pregnancy. The court held that there was ample evidence in the record indicating that the minor was mature and well-informed about the procedure, including the fact that she had considered a number of options and had received information and advice from a number of sources. The court noted that there had been no specific medical testimony that an abortion would be unsafe for the minor at that stage in her pregnancy and that the health concerns arising from the length of the pregnancy should be a matter for the minor and her physician, who presumably would follow state regulations related to protecting a woman's health.
Just as in Ex parte Anonymous, 664 So.2d 882, there is ample evidence in the present case that the minor is mature: she has an excellent academic record and participates in several extracurricular activities; she has charted her career path; she works at a part-time job; and she stated that although her boyfriend had offered to pay for the procedure, she felt it was her responsibility to share the costs. A period of approximately six weeks elapsed from the time the minor discovered she was pregnant until she filed her petition. She obviously contemplated the seriousness of her situation, because during that six-week period she discussed her options with an *85 adult female friend "many times"; she discussed her situation with her boyfriend "for hours"; and she administered three at-home pregnancy tests in an attempt to confirm the results. Additionally, as noted above, she had scheduled appointments after the procedure for counseling in the event she needed it. The minor testified, "I've thought about this for a long time and I feel like this is what I need to do."
While I recognize that the ore tenus rule now applies to a trial court's findings of fact in abortion cases, the trial court's judgment in this case is plainly erroneous and manifestly unjust. Principal factors that must be considered by the trial court in this case and that support a decision to grant a waiver (factors that, incidentally, survive the adoption of the ore tenus standard in abortion-waiver cases, see Ex parte Anonymous, 810 So.2d 786 (Ala. 2001)) are as follows:
(1) The minor's decision to seek a judicial waiver and to request the advice of counsel (In re Anonymous, 770 So.2d 1107, 1110 (Ala.Civ.App.2000));
(2) The fact that the minor had a plan for paying for the abortion procedure (id.);
(3) The fact that the minor consulted a nurse at the abortion clinic where she plans to undergo the procedure and received information concerning the procedure and its potential complications (id.);
(4) The minor's general knowledge of the abortion process and her having planned for potential adverse physical and psychological effects stemming from the abortion (id.); and
(5) The minor's excellent academic record (she is a straight-A student) and the fact that she participated in cheerleading, which may indicate physical maturity and good health (see In re Anonymous, 650 So.2d 923 (Ala.Civ.App.1994)).
These cases are extremely difficult for all involvedthe petitioner, the trial court, and the appellate judges who must carefully review all the evidence presented. The trial court should have made specific findings as to whether an abortion would be in the minor's best interest. The trial court must meet its responsibility; this case should be remanded for the trial court to enter those findings, or as stated by Judge Crawley in his dissenting opinion, the case should be rendered outright for the trial court's failure to follow § 26-21-4(g). Cf. Ex parte Anonymous, supra, 810 So.2d 786 (rendering a judgment for the minor because the trial court failed to make specific factual findings to support its determination that the minor was immature). See also In re Anonymous, 812 So.2d 1221 (Ala.Civ.App.2001), aff'd, 812 So.2d 1234 (Ala.2001); In re Anonymous, 711 So.2d 475 (Ala.Civ.App.1998).
CRAWLEY, Judge, dissenting.
I join Presiding Judge Yates's dissent insofar as it concludes that this case should be remanded for the trial court to issue written and specific factual findings as to whether or not the performance of an abortion would be in the best interest of the minor.
In Ex parte Anonymous, 806 So.2d 1269 (Ala.2001), Chief Justice Moore, writing for the Alabama Supreme Court, held that the "best-interest" determination is one of fact. 806 So.2d at 1274. The trial court's reliance on a preprinted form stating the legal conclusion that an abortion would not be in the minor's best interest does not satisfy the statutory mandate of § 26-21-4(g), Ala.Code 1975, that the trial court "shall issue written and specific factual findings and legal conclusions supporting its decision." (Emphasis added.)
"Section 26-21-4, Ala.Code 1975, specifically requires a hearing and requires the *86 trial court to `issue written and specific factual findings' at the conclusion of the hearing. These requirements are not without meaning."
Ex parte Anonymous, 806 So.2d at 1273 (emphasis added). A trial court does not "issue" written and specific findings by relying solely on the conclusion recited in a preprinted form. Although one "might infer" from a finding that the minor is not sufficiently mature and well informed that an abortion would not be in her best interest, see Ex parte Anonymous, 808 So.2d 1025, 1029 (Ala.2001) (Moore, C.J., concurring in the result), such an inference on the part of the trial court is foreclosed by the requirement in § 26-21-4(g) that the trial court enter "specific factual findings" as to the best-interest criterion. Id.
In Ex parte Anonymous, 806 So.2d at 1276, Chief Justice Moore explained the reason for requiring the trial judge to make specific findings in a judicial-waiver-of-parental-consent case:
"In these types of cases, the usual vigorous and competing advocacy, which typically makes the adversary system an effective means for discovering the truth, is conspicuously absent. As a result, the need for a perceptive, intuitive, and discerning trial judge, as well as his or her specific factual findings, is arguably more necessary than in other cases where opposing advocacy ultimately reveals the facts."
806 So.2d at 1276 (emphasis added).
The trial court's reliance on the conclusions in a preprinted form not only fails to satisfy the statutory mandate of § 26-21-4(g), but it also frustrates the purpose underlying the application of the ore tenus presumption to judicial-waiver determinations. If the most recent abortion decisions stand for anything, they stand for the proposition that an appellate court must accord considerable deference to a trial court's decision in a judicial-waiver case precisely because that decision is based on credibility and demeanor determinations that are impossible for an appellate court to second-guess. However, the deference to be accorded the trial court's decision is directly proportional to the specificity of the factual findings that support it.
In Ex parte Anonymous, 812 So.2d 1234 (Ala.2001), our supreme court cautioned about the necessity for genuine and individualized findings of fact in an abortion case:
"The trial court's findings based upon `the minor's composure, analytic ability, appearance, thoughtfulness, tone of voice, expressions and her ability to articulate her reasons and conclusions' are subjective judgments.... Such findings, by their nature, in many instances elude any meaningful elaboration. Nevertheless, we note that in an appropriate case a remand might be necessary for illustrations to support the trial court's findings, to the extent practicable, so as to allay concerns that the mere recitation by a trial court of these terms or similar descriptive terms will be a talismanic mantra, the use of which will result in the affirmance of the trial court's judgment in these cases."
812 So.2d at 1238-39. The mere recitation of the best-interest determination on a preprinted form in this caseand the trial court's failure to make specific findings on this issuerenders this court "unable to determine whether the trial court has abused its discretion" by denying the waiver. See Ex parte Anonymous, 808 So.2d at 1028. For this reason, we should, at the least, remand this case for the trial court to comply with § 26-21-4(g), if not render a judgment for the petitioner outright for the court's failure to follow § 26-21-4(g). Cf. Ex parte Anonymous, 810 So.2d 786 *87 (Ala.2001) (rendering a judgment for the minor because the trial court failed to make specific factual findings to support its determination that the minor was not mature enough to make such a decision).
YATES, P.J., concurs.
NOTES
[1] To satisfy the pleading requirement corresponding to § 26-21-4(f)(2), a minor must allege "[t]hat one or both of her parents or her guardian has engaged in a pattern of physical, sexual, or emotional abuse against her, or that the consent of her parents, parent or legal guardian otherwise is not in her best interest." § 26-21-4(d)(4)b, Ala.Code 1975.
[2] The Legislature obviously considered that information alone, without the maturity to assess that information and to make a considered judgment based on that information, was not enough to require a waiver of consent. Likewise, the Legislature evidently concluded that the maturity to make a judgment, without the information upon which to base that judgment, was not sufficient to require a waiver.
[3] Neither this court nor our Supreme Court has ever held that a "de novo" standard applies to appellate review of trial courts' decisions in such cases. E.g., In re Anonymous, 770 So.2d 1107, 1110 (Ala.Civ.App.2000) (applying a "plainly and palpably wrong" standard).
[4] Ex parte Anonymous, 808 So.2d 1025 (Ala. 2001), dealt primarily with the issue of maturity. The issue of maturity is, by its very nature, not one that is susceptible to a wholly objective measurement. In this sense, much of the "testimony" presented in the courtroom typically will be in the form of the witness's bearing, demeanor, mannerisms, physical appearance, and voice inflection. Words that may, in print, suggest maturity, may in fact be "disputed" by the witness's nonverbal "testimony." Thus, that which may appear undisputed on the printed page, may very well be disputed by other information known to the trial judge, but not to a reviewing appellate court, because the trial judge was at the hearing and the appellate court was not. Ex parte Anonymous recognized that, where a trial court makes a finding as to maturity based on a witness's credibility or demeanor, an appellate court typically cannot determine whether a trial court's judgment as to the issue of maturity is supported by the record. In contrast, in order to prove to the trial court that she is well-informed, a minor generally must provide reviewable testimonythat is, testimony that will be reviewable by the appellate court from the transcript of her testimonyevidencing knowledge of objective facts. Likewise, to establish that a waiver of parental consent would be in her best interest, the minor generally must testify on the record as to the reasons she believes it would be in her best interest. In most cases, in other words, we can determine from the record whether the record supports the trial court's findings as to the issues of how well-informed the minor is and what her best interests are.