664 So.2d 882 (1995)
Ex parte ANONYMOUS.
In the Matter of ANONYMOUS, a minor.
1941270.
Supreme Court of Alabama.
June 7, 1995.
*883 PER CURIAM.
The unmarried and unemancipated minor filed her petition pursuant to § 26-21-4, Ala. Code 1975, for a waiver of parental consent for an abortion. The juvenile court denied her waiver of consent, and the Court of Civil Appeals affirmed, without issuing an opinion.
On May 26, 1995, the juvenile court found:
"The minor does not have sufficient maturity and judgment to fully comprehend all of the psychological, as well as physical, consequences associated with a decision concerning a pregnancy of this duration (18 weeks). The medical evaluation one week ago was 17 weeks, and the Court takes note that there can be a margin of error of 2 weeks, thus placing the possible duration at 20 weeks at the present time."
This Court has held that under § 26-21-4(f) and (g), the petition for waiver of parental consent may be denied only if the court specifically finds both (1) that the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interest. Ex parte Anonymous, 618 So.2d 722 (Ala 1993); Ex parte Anonymous, 595 So.2d 497 (Ala.1992). However, to grant the petition for waiver of consent, the statute requires only that the court find either that the minor is mature and well enough informed to make the abortion decision on her own or that performance of the abortion would be in the best interest of the minor. § 26-21-4(f). Here, it is clear that the juvenile court addressed the first prong of this test. However, we disagree with its finding as to that prong.
The minor is 17 years old; she testified that she has obtained information regarding the procedure itself and the possible complications. She has spoken to an obstetrician and has spoken with a counselor at a women's center 10 to 15 times. She stated that she has read several brochures provided by the women's center and has discussed her options with her boyfriend, another friend, a juvenile intake officer, and her attorney. She even stated that she and her boyfriend plan to tell his mother and to have her accompany her to have the abortion.
Further, she testified that she considered the option of going to another state and avoiding the judicial process in Alabama, but that after consideration she decided that it would be better to have the procedure done close to home. She testified that she was aware of the dangers and risks involved in having the abortion and has "read up on it." She testified that she is aware of the procedure that will be utilized in the abortion and that she understands that she might have complications. She also testified that the abortion might not be complete, and that in that case she would have to undergo another procedure.
The minor testified that she had obtained brochures and a package of information from the women's center. She stated that she and her boyfriend had discussed talking to their parents and had decided it would not be a good idea to tell her parents, but that, as noted above, they do plan to tell his mother. She testified that they had some money to *884 finance the abortion and had arranged for financial aid for the remainder of the costs.
The minor testified that her parents have never discussed with her any issues such as birth control or her sexual activity and that she did not feel that she could talk to them about the abortion. She testified that although she went to church she did not feel that there was anyone there or at school that she could talk with about the pregnancy.
The minor testified that she has several options when she graduates from high school. She testified that one university is interested in her playing volleyball for that school. She has also considered going to another university to study physical therapy.
The minor also testified that the abortion was in her best interests at this time because she feels she is too young to care for a child and that having a child would be too much on her and her family. She testified that she had considered the option of having the child and giving it up for adoption, but decided that for her abortion was the better choice.
The only testimony in this case was by the minor. It is well settled that the ore tenus rule has no application when the facts are undisputed. Ex parte Anonymous, 618 So.2d 722 (Ala.1993). This Court must determine, therefore, whether the undisputed facts here support the juvenile court's order denying her petition.
Viewing the record with that standard in mind, we find from the undisputed evidence that the minor is mature and well enough informed to make the abortion decision on her own. Her voluntary decision to resort to the judicial process, specifically requesting the advice of legal counsel, may, of itself, indicate maturity. Ex parte Anonymous, 595 So.2d 497 (Ala.1992). In addition, her considering a number of options, as well as her soliciting information and advice from a number of sources, including the father, the boyfriend, demonstrates maturity. Ex parte Anonymous, 595 So.2d 497 (Ala.1992). In view of these facts, we conclude that the judgment denying the minor's petition for a waiver of parental consent is fatally flawed. Therefore, having found that the minor met her burden of proof as to the first prong of § 26-21-4(f), we need not address the second prong, i.e., best interest.
However, we do note that it is not the court's responsibility to superimpose its judgment or its moral convictions on the minor in regard to what course of action she should take with reference to her own body. It is not a question of whether she is making a decision that we approve of, but whether she is making a mature decision. See Ex parte Anonymous, 618 So.2d 722 (Ala.1993). We also point out that there was no specific medical testimony that an abortion would be unsafe for this minor at this stage of her pregnancy. The health concerns arising from the duration of the minor's pregnancy should now be a matter for the minor and her physician, who presumably will follow any appropriate state law or regulations reasonably related to protection of a woman's health at this stage in a pregnancy. See Ex parte Anonymous, 531 So.2d 901 (Ala.1988).
The judgment of the Court of Civil Appeals is reversed, and a judgment is entered granting a waiver of parental consent.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, INGRAM, and COOK, JJ., concur.
MADDOX, KENNEDY, and BUTTS, JJ., dissent.
MADDOX, Justice (dissenting).
I dissent for the same reasons I dissented in Ex parte Anonymous, 618 So.2d 722 (Ala. 1993).