The unmarried and unemancipated minor petitioned for a waiver of parental consent for an abortion, pursuant to § 26-21-4, Ala. Code 1975. The juvenile court denied the petition, stating:
 "[I]t was not within [the court's] jurisdiction to order the procedure sought in this matter which will result in the extinction of a four-month old human life when the child's family is fully informed and able to make this decision. This court should not substitute its judgment for that of a child's family when that family is present and voicing objections to same."
The minor moved the court to reconsider its judgment. The court denied the motion stating: "[A] child who seeks a judicial bypass is in fact seeking an abortion. Given that circumstance, this court [would be] in fact ordering an abortion." The minor appeals, contending that the court failed to follow the procedure provided in § 26-21-4.
The petition for a waiver of parental consent may be deniedonly if the court specifically finds that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests. Ex parte Anonymous,664 So.2d 882, 883 (Ala. 1995).
The minor, who is 14 years old, testified that she believes her pregnancy resulted from sexual abuse practiced upon her by her father. She has consulted an obstetrician/gynecologist, who informed her of the medical and physical ramifications of the procedure, and she is aware of the risks involved. A letter from the doctor regarding the consultation states: "[During] the discussion [the minor] asked excellent questions regarding procedure, recovery, risks, [and] time she may miss from school. She was mature and thoughtful in her interaction with our clinic regarding the pregnancy." The minor testified in detail about the steps involved in the procedure as explained to her by her obstetrician. The minor is aware of the alternatives to abortion; she believes an abortion is in her best interests.
The minor's mother, who was present at the hearing, knows that the minor is pregnant, but she will not sign her consent to the abortion because of her "religious beliefs." The mother testified that, although she is unwilling to give written consent to the abortion, she will take the minor to a hospital where the procedure can be performed and that she will care for the minor while she recovers from the procedure.
We find from the undisputed evidence that the minor is mature and adequately informed to make the decision to have an abortion without first obtaining parental consent. Accordingly, the first prong of the test for denying a petition for waiver of parental consent was not satisfied, and the court improperly denied the petition. Id., at 883.
The court placed particular importance on the fact that the mother was aware of the situation but refused to consent to the abortion. The court interpreted the mother's attitude as somehow altering the court's obligation to follow the law as codified at § 26-21-1 et seq., Ala. Code 1975. Section26-21-3(e) provides:
 "A minor who elects not to seek or does not or cannot for any reason, including . . . refusal by either or both parents or legal guardian, obtain consent from either of her parents or legal guardian under this section, may petition . . . for a waiver of the consent requirement of this section pursuant to the procedure of Section 26-21-4."
(Emphasis added.) The fact that the mother knew about the minor's pregnancy was irrelevant and a wholly improper rationale for denying the minor's petition. Regarding the court's statement in its denial of the minor's post-trial motion, we note that the granting of a petition for waiver of parental consent is *Page 785 
not an adjudication that orders a minor to have an abortion. The court's statements to that effect were improper. See Exparte Anonymous, supra, at 884.
We conclude that the minor has met her burden, by demonstrating that she is mature, informed, and capable of making her own decision regarding an abortion. Therefore, the judgment of the trial court is reversed and the case is remanded with instructions to the trial court to enter a judgment granting the waiver. Because of the importance of time, the trial court is directed to enter its judgment not later than 12:00 noon on Tuesday, April 16, 1996. If the trial court does not enter a judgment granting the waiver by that time, then effective 12:01 p.m. on that date, a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.