771 So.2d 1043 (2000)
In the Matter of ANONYMOUS, a minor.
2990712.
Court of Civil Appeals of Alabama.
April 20, 2000.
*1044 PER CURIAM.
An unemancipated minor appeals from the denial of her petition for a waiver of parental consent for an abortion. The minor filed her petition pursuant to § 26-21-4, Ala.Code 1975. Following a hearing, at which only the minor testified, the trial judge denied the petition.
In 1987, our legislature enacted the present law regarding waiver of parental consent for minors seeking an abortion. The legislature provided that parental consultation is usually desirable and in the best interest of the minor. However, the legislature provided an avenue for minors who are mature enough to make a mature decision and, for instances where a minor's family is not supportive, to be able to proceed without parental consent. The legislature enacted § 26-21-3(e), Ala.Code 1975, which states:
"A minor who elects not to seek or does not or cannot for any reason, including unavailability or refusal by either or both of her parents or legal guardian under this section, may petition, on her own behalf, the juvenile court, or court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this section pursuant to the procedure of Section 26-21-4."
The procedure set out by the legislature for a minor to petition for a waiver of parental consent is set forth in § 26-21-4, which states:
"A minor who elects not to seek or does not or cannot for any reason, obtain consent from either of her parents or legal guardian, may petition, on her own behalf, the juvenile court, or the court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this chapter. Notice by the court to the minor's parents, parent or legal guardian shall not be required or permitted. The requirements and procedures under this chapter shall apply and are available to minors whether or not they are residents of this state."
The legislature provided that the required parental consent shall be waived if the court finds that the minor is mature and well-informed enough to make the abortion decision on her own or if performance of the abortion is in the minor's best interest. § 26-21-4(f)(1) and (2). The Alabama Supreme Court has determined that under that statute, the "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interest." Ex parte Anonymous, 595 So.2d 497, 498 (Ala.1992) (emphasis in original).
In determining whether a minor is mature and well-informed enough to make this decision on her own, the court must examine various factors regarding the minor. In this case, the trial court heard testimony from only one witness: the minor. From this testimony, the court was informed of the following:
1) At the time of the hearing, the minor was 17 years old; in 2 months she will be 18 (when, by law, she could have the procedure without anyone's consent).
2) She is five-weeks pregnant.

*1045 3) After finding out she was pregnant, she acted promptlyshe had only known for 14 days.
4) She is a full-time senior in high school.
5) Her scholastic background is adequate.
6) She has applied to and been accepted to a four-year college.
7) Her plans are to begin college in the summer 2000 semester.
8) She plans to move out of her parents' home shortly after graduation from high school.
9) She has been employed part-time.
10) She is involved in extracurricular activities.
11) She has applied for part-time work for this summer.
12) She manages her own money and uses her money to pay for social activities and necessities.
13) She has never been pregnant before.
14) She has obtained a form of birth control and plans to use it.
15) She is well aware of what the medical procedure entails.
16) She is well aware of the potential medical and/or emotional effects of the procedure.
17) She has found a therapist, independent of the clinic, and plans to attend counseling after the procedure.
18) She is aware of her options and has obtained literature regarding them.
19) She stated that this was her own decision and that she was mature enough to make this decision.
20) She discussed the matter with the putative father and she said he supports her decision.
21) She testified that her parents would not be supportive and are not financially able to care for a baby.
22) She made a voluntary decision to resort to this judicial process.
23) It appears her testimony in court was clear and articulate.
In a factually similar case, Ex parte Anonymous, 664 So.2d 882 (Ala.1995), the Alabama Supreme Court reversed this court's affirmance of the trial court's order denying a minor's petition for a waiver of parental consent. In reversing this court, the Alabama Supreme Court found there was evidence that the minor was sufficiently mature and informed, because she was 17 years old, had voluntarily decided to resort to the judicial process, had considered her options, and had discussed those options with her boyfriend. Id. This court had affirmed, without an opinion, the juvenile court's finding that the minor could not comprehend the physical or psychological effects of terminating a five-month pregnancy. The supreme court stated that it is not a question of whether the minor is making a decision that the court approves of, but whether the minor is mature. 664 So.2d 882. Unlike the minor in that case, the minor in this present case acted promptly in seeking a waiver. As stated above, she is only five weeks into the pregnancy.
Additionally, in another case, Ex parte Anonymous, 595 So.2d 499 (Ala.1992), the Alabama Supreme Court reversed this court's judgment affirming a trial court's order denying a waiver of a parental consent. The Alabama Supreme Court stated that the record contained only positive evidence regarding the minor's maturity. Id. The minor was 17 years old, in the 11th grade, and only a month pregnant. Id.
In two months, the minor in this present case will be 18 years old. The minor could undergo the procedure at that time without parental consent. However, that would be a second-trimester abortion. By not waiting until her birthday, this minor has demonstrated her desire not to have a late-term abortion and, in essence, has demonstrated her knowledge of the medical risks. In addition, the Alabama Supreme Court has consistently held that a minor's voluntary decision to resort to the *1046 judicial process indicates maturity. Ex parte Anonymous, 595 So.2d 497 (Ala. 1992). If this court were to affirm the trial court, this court would be sending a message to the petitioner that she should wait until she is almost four months pregnant, in her second-trimester, to undergo the procedure.
In denying the minor's petition, the trial court employed a predrawn form entitled "DENIAL OF WAIVER OF CONSENT ORDER." The court simply filled in the minor's age and name of counsel, how many weeks pregnant she was, and the name of the county. The order states: "Minor is not mature and well informed enough to make the abortion decision and the performance of the abortion is not in the best interest of the minor." The court provided nothing further and did not make any specific factual findings. The legislature specifically requires a court in a waiver-of-consent case to "issue written and specific factual findings and legal conclusions supporting its decision." § 26-21-4(g). See also, Ex parte Anonymous, 595 So.2d 499 (Ala.1992).[1]
The dissent seems to focus on the inadequacy of the questions asked at the hearing. We note that the minor had counsel appointed by the judge who ruled in this case. The trial judge failed to ask any questions of the minor, which was his prerogative to do to make an informed determination. The minor answered each and every question posed to her in a mature and well reasoned manner.
The Alabama Supreme Court has held a minor to be sufficiently mature and informed when the evidence established that the minor was 17 years old, had voluntarily decided to resort to the judicial process, had considered her options, and had discussed those options with her boyfriend. Ex parte Anonymous, 664 So.2d 882 (Ala. 1995). In this case, the trial court heard undisputed evidence indicating that this minor is almost 18 years old, had voluntarily decided to resort to judicial process, had considered her options, and had discussed those options with her boyfriend. The law is clear: a waiver shall be granted if the minor is sufficiently mature and well-informed.
Contrary to the personal position taken in the dissenting opinion that we should apply the ore tenus rule, the Alabama Supreme Court has held that the ore tenus rule is not applicable to a case involving a petition for waiver of parental consent. Ex parte Anonymous, 664 So.2d 882 (Ala.1995); Ex parte Anonymous, 618 So.2d 722, 725 (Ala.1993). The only testimony in this case was the testimony of the minor; therefore, the testimony is undisputed and the ore tenus rule is inapplicable. Ex parte Anonymous, 618 So.2d 722, 725 (Ala.1993). "The role of the appellate court is, therefore, to determine whether the trial court `misapplied the law to the undisputed facts.'" Id.
Regardless of the opinions or beliefs of the judges of this court, we are sworn to serve the people of Alabama by upholding the laws enacted by their legislature. As judges, we cannot make the law. Whether the judges of this court agree with the statute regarding a waiver of parental consent, as strict constructionists of the law we must uphold and apply it to the facts of this case. As the Alabama Supreme Court noted:
"Whether we agree with Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), or not, the Supreme Court of the United States has determined that the main focus should be on the woman's or minor female's right to decide what should be done with her body within certain defined limitations. The constitutionality *1047 of the parental consent statute rests mainly on the premise that a child of tender years may not be thoroughly mature enough to make the decision to terminate a pregnancy even within the first trimester. However, if it can be demonstrated that she is sufficiently mature or that an abortion would be in her best interest, then she should be given a waiver of parental consent."
Ex parte Anonymous, 618 So.2d 722, 725 (Ala.1993). As the Alabama Supreme Court stated, "It is not a question of whether she is making a decision that we approve of, but whether she is making a mature decision." Ex parte Anonymous, 664 So.2d 882, 884 (Ala.1995); see also, Ex parte Anonymous, 618 So.2d 722 (Ala. 1993). The trial court's judgment is contrary to the law regarding waiver of parental consent. Therefore, we must reverse the trial court's judgment.
The trial court's judgment is reversed and this cause is remanded.
Because of the importance of time, the trial court is directed to enter a judgment granting the waiver not later than 1:30 p.m. Friday, April 21, 2000. If the trial court does not enter a judgment granting the waiver by that time, then effective 1:31 p.m., April 21, 2000, a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS OR REVERSED AND JUDGMENT RENDERED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and THOMPSON, J., dissent.
THOMPSON, Judge, dissenting.
In enacting the legislation providing an alternative to parental consent, our Legislature found "that parental consultation is usually desirable and in the best interests of the minor." § 26-21-1(b), Ala.Code 1975. In order to proceed with an abortion in the absence of parental consent, a petitioner must prove to the trial court that she is sufficiently mature and well-informed to make the abortion decision on her own or that the abortion is in her best interest. § 26-21-4(f), Ala.Code 1975.
The petitioner's testimony in this matter in no way indicates that she has made any effort to learn about the medical procedure she seeks permission from the court to have performed. She has not demonstrated an appreciation of the gravity and the impact of her decision nor has she demonstrated any knowledge of the possible short-term or long-term emotional effects and the physical risks associated with an abortion. Although she testified that she had received some pamphlets from an abortion clinic, she did not indicate what topics were discussed in the pamphlets or even that she had read the pamphlets.
Furthermore, the petitioner's testimony established only that she was aware of some options to having an abortion. She failed, however, to demonstrate an awareness of the disadvantages and benefits of those options.
The main opinion states that it "appears" that the minor's testimony was "clear and articulate." 771 So.2d at 1045. I do not agree. The minor's testimony did not convince the trial court that she was mature enough to make the abortion decision, and the record on appeal, which contains only the petitioner's testimony, certainly does not provide this court with the information necessary to overturn the decision of the trial court.
I agree with Presiding Judge Robertson's statements in previous cases that the ore tenus rule should apply in cases involving a petition for a waiver of parental consent. In Matter of Anonymous, 650 So.2d 919, 921 (Ala.Civ.App.1994), Presiding Judge Robertson stated that "the ore tenus rule is applicable ... as it pertains to the demeanor and physical maturity of the child, and other observations the trial *1048 court was able to make, which are not before this court." See also Matter of Anonymous, 650 So.2d 923, 925 (Ala.Civ. App.1994) (Robertson, P.J., concurring in the result only). The trial court here had the advantage of observing the minor and was therefore in the best position to assess her maturity. This court, having only the transcript of the hearing before it, does not have that advantage.
The majority opinion states: "Regardless of the opinions or beliefs of the judges of this court, we are sworn to serve the people of Alabama by upholding the laws enacted by their legislature." 771 So.2d at 1046. I agree. The law in this case grants the trial court the authority to assess the maturity and the knowledge of the petitioner and to determine whether an abortion is in her best interest. The burden is on the petitioner to prove that she is sufficiently mature and well-informed concerning the procedure or that the abortion is in her best interest. The trial court in this case found the testimony of the petitioner unconvincing. Based on my review of the petitioner's testimony, I can find no justification for this court's substituting its judgment for that of the trial court. I would affirm the decision of the trial court. Therefore, I dissent.
NOTES
[1] The Alabama Supreme Court reversed the juvenile court's denial of a petition for a waiver of parental consent, finding that the juvenile court had failed to make a specific finding, and there being nothing in the record except positive evidence that the minor was sufficiently mature and well informed, the court had no choice but to grant the waiver of consent.