889 So.2d 518 (2003)
Ex parte ANONYMOUS.
(In re: In the matter of Anonymous, a minor).
1030172.
Supreme Court of Alabama.
November 7, 2003.
PER CURIAM.
An unemancipated 16-year-old petitions this Court for review of the judgment of the Court of Civil Appeals affirming the judgment of the trial court denying her request for a waiver of parental consent to an abortion. We reverse and remand.
The minor filed this petition on October 8, 2003, pursuant to the Parental Consent Act, § 26-21-1 et seq., Ala.Code 1975 ("the Act"); when she filed the petition she was approximately eight weeks pregnant. The trial court appointed separate guardians ad litem for the minor and for the fetus. The trial court conducted a hearing at which the minor testified on direct examination by her attorney, was cross-examined by the guardian ad litem for the fetus, and answered questions posed by the trial court. After hearing the evidence, the trial court entered an order concluding as follows:
"Based on the evidence and its observation of the petitioner, the Court cannot find that she is mature enough and well-informed enough to make this decision on her own. Taking into consideration the risks involved and her lack of understanding or even knowledge of all of them, the Court cannot find that the granting of this petition is in her best interest."
After a thorough review of the record, we conclude that the foregoing findings are conclusory and therefore fail to state grounds essential to meaningful appellate review. See Ex parte Anonymous, 812 So.2d 1234, 1238-39 (Ala.2001); Ex parte *519 Anonymous, 810 So.2d 786, 794 (Ala.2001); Ex parte Anonymous, 808 So.2d 1025, 1027 (Ala.2001).
We reverse the judgment of the Court of Civil Appeals and remand this matter to that court. That court should, no later than 12:00 noon on Monday, November 10, 2003, remand this cause to the trial court and order that court to detail sufficiently the basis for appropriate findings and immediately to conduct such further proceedings, to include taking additional testimony or admitting further evidence, that may be necessary in order to do so. Because time is of the essence, the Court of Civil Appeals should direct the trial court to submit its findings to this Court by 5:00 p.m. on Thursday, November 13, 2003.
REVERSED AND REMANDED.
HOUSTON and LYONS, JJ., concur.
SEE, J., concurs specially.
JOHNSTONE and HARWOOD, JJ., concur in the result.
BROWN, WOODALL, and STUART, JJ., dissent.
SEE, Justice (concurring specially).
I concur that this matter should be remanded to the trial court to make detailed findings to support its decision.
The 16-year-old petitioning minor seeks an abortion. Section 26-21-3(a), Ala.Code 1975, provides that "no person shall perform an abortion upon an unemancipated minor unless he or his agent first obtains the written consent of either parent or the legal guardian of the minor." The Legislature has found that "parental consultation is usually desirable and in the best interests of the minor." § 26-21-1(b). Section 26-21-4 provides a judicial-bypass procedure pursuant to which a minor may secure an abortion without the consent of her parents or legal guardian if "the court finds either: (1) That the minor is mature and well-informed enough to make the abortion decision on her own; or (2) That performance of the abortion would be in the best interest of the minor." § 26-21-4(f), Ala.Code 1975. Section 26-21-4(g), Ala.Code 1975, provides that the trial court "shall issue written and specific factual findings and legal conclusions supporting its decision ..."
The trial court found that the petitioning minor is not mature and well-enough informed to make the abortion decision on her own. The trial court also found that an abortion is not in the best interests of the minor; however, it did not support this conclusion with specific factual findings directed to that question.
The burden is on the petitioning minor to present evidence showing that she meets the requirements for a waiver of parental consent for an abortion. Section 26-21-4(f), Ala.Code 1975, provides:
"The required consent shall be waived if the court finds either:
"(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
"(2) That performance of the abortion would be in the best interest of the minor."
This provision is consistent with the opinion of the Supreme Court of the United States in Bellotti v. Baird, 443 U.S. 622, 643-44, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979). Bellotti states:
"A pregnant minor is entitled in such a proceeding [for authorization of an abortion procedure] to show either: (1) that she is mature enough and well enough informed to make her abortion decision, in consultation with her physician, independently of her parents' wishes; or (2) that even if she is not able to make this *520 decision independently, the desired abortion would be in her best interests."
The Alabama Court of Civil Appeals in In re Anonymous, 833 So.2d 75, 78 (Ala.Civ.App.2002), stated:
"[T]he burden of proof with respect to both the maturity/well-informed prong and the best-interest prong of § 26-21-4(f) lies with the minor. See, e.g., Ex parte Anonymous, 664 So.2d 882, 884 (Ala.1995)(finding `that the minor met her burden of proof' as to the first prong of § 26-21-4(f))."[1]
The trial court did not find that an abortion is in the petitioning minor's best interests; instead, it stated that "[t]aking into consideration the risks involved and her lack of understanding or even knowledge of all of them, this Court cannot find that the granting of this petition is in her best interest." The trial court's analysis essentially restates the basis for its conclusion that "she is not mature enough and well-informed enough to make this decision on her own."
Nonetheless, the burden is on the petitioning minor to establish that an abortion is in her best interest. I do not believe that the trial court's insufficient consideration of that question is a substitute for a finding that an abortion is in the minor's best interest, as is required by § 26-21-4(f), Ala.Code 1975. Therefore, I can conclude only that the trial court has not found that the minor has met her burden of proof. I, therefore, concur to reverse the judgment of the Court of Civil Appeals and remand this matter for the trial court to detail sufficiently the basis for its findings.
JOHNSTONE, Justice (concurring in the result).
The record before us reveals the judgment of the trial court to be clearly erroneous and manifestly unjust and relief to be due the minor now. Moreover, the mind-set of the trial court apparent from the record forebodes that a remand will not yield a different judgment but only a more legally sufficient rationale for denying relief. All the while the time for a safe abortion will be ticking by.
The trial court has already exhausted the opportunity the rules governing these proceedings allow it to decide this case. We should reverse and render in favor of the minor.
I concur in a remand only because a majority of this Court will not grant relief to the minor on the record as it now exists and a remand leaves her with a theoretical hope. At least this remand will allow the minor further opportunity to introduce even more evidence of her maturity, knowledge, and best interests.
WOODALL, Justice (dissenting).
An unemancipated 16-year-old petitions this Court for review of the judgment of the Court of Civil Appeals affirming the judgment of the trial court denying her request for a waiver of parental consent to an abortion. This Court is reversing the judgment of the Court of Civil Appeals and remanding the matter for further proceedings. In doing so, it is ignoring fatal legal *521 deficiencies in the trial court's judgment and compelling unnecessary proceedings. Therefore, I respectfully dissent.
The minor filed her petition in the trial court on October 8, 2003, pursuant to the Parental Consent Act, Ala.Code 1975, § 26-21-1 et seq. ("the Act"); when she filed the petition, she was in approximately the eighth week of her pregnancy. The trial court appointed separate guardians ad litem for the minor and for the fetus. At a hearing on October 10, 2003, the minor was questioned by her appointed counsel and cross-examined by the guardian ad litem for the fetus. Following the hearing, the trial court denied her petition, stating, in pertinent part:
"The question before the court is whether [the minor] is `mature and well-informed enough to make the abortion decision on her own' or whether the `performance of the abortion would be in [her] best interest.'
"....
"Based on the evidence and its observation of the petitioner, the Court cannot find that she is mature enough and well-informed enough to make this decision on her own. Taking into consideration the risks involved and her lack of understanding or even knowledge of all of them, the court cannot find that the granting of this petition is in her best interest."
(Emphasis added.) From that judgment, the minor appealed. The Court of Civil Appeals affirmed the trial court's judgment without an opinion; the petition is now before this Court.
The Act was passed to bring Alabama law into compliance with Bellotti v. Baird, 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979), which articulated certain "abortion rights of minors." Ex parte Anonymous, 810 So.2d 786, 795 (Ala.2001) (Lyons, J., concurring in the result). Section 26-21-4 provides, in pertinent part:
"(a) A minor who elects not to seek or does not or cannot for any reason, obtain consent from either of her parents... may petition, on her own behalf, the juvenile court, or the court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this chapter....
"....
"(f) The required consent shall be waived if the court finds either:

"(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or

"(2) That performance of the abortion would be in the best interest of the minor."
(Emphasis added.)
"[T]his Court recognized in Ex parte Anonymous, 595 So.2d 497 (Ala.1992), that `under this section, the petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests.' ...
"Section 26-21-4(g) requires the trial court to issue written and specific factual findings and legal conclusions supporting its decision."
Anonymous, 810 So.2d at 795 (Lyons, J., concurring in the result). See also Ex parte Anonymous, 618 So.2d 722 (Ala.1993); In re Anonymous, 771 So.2d 1043 (Ala.Civ.App.2000); In re Anonymous, 674 So.2d 1317 (Ala.Civ.App.1995). The judicial bypass created by subsection (1) and subsection (2) of § 26-21-4(f) thus involves a two-pronged test. The trial judge is *522 required to make specific findings as to both prongs.
The minor contends that the trial court, in denying her petition, failed to make a legally sufficient finding that performance of the abortion would not be in her best interests and, consequently, essentially ignored the second prong. More specifically, she states:
"In ruling on whether an abortion would be in [the minor's] best interests, the trial judge relied on two factors: his own conclusion that the abortion procedure involves risks and his belief that the minor did not understand or know all of the risks involved. See Order at 3-4 (`Taking into consideration the risks involved and [the minor's] lack of understanding or even knowledge of all of them, the court cannot find that the granting of this petition is in her best interest'). However, the question of whether a minor knows the risks of the abortion procedure is not relevant to the best interest analysis, the second prong of the Bellotti [v. Baird, 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979),] test. Instead, the Legislature specifically provided that the minor's knowledge about the abortion procedure should be assessed under the first prong of the Bellotti test, which asks the court to consider if the minor is `mature enough and well enough informed' to make the abortion decision without her parents. See Bellotti, 443 U.S. at 643-44[, 99 S.Ct. 3035]; Ala.Code § 26-21-4(f) (1975). By using a minor's lack of information about an abortion procedure to justify a finding that an abortion is not in her best interest, the trial court impermissibly eliminated the petitioner's right to show that an abortion was in her best interest even if she is not able to make the decision independently."
Minor's brief, at 13-14 (emphasis added; footnote omitted). I agree.
The lead opinion in Bellotti stated:
"[I]f the State decides to require a pregnant minor to obtain one or both parents' consent to an abortion, it also must provide an alternative procedure whereby authorization for the abortion can be obtained.
"A pregnant minor is entitled in such a proceeding to show either: (1) that she is mature enough and well enough informed to make her abortion decision, in consultation with her physician, independently of her parents' wishes; or (2) that even if she is not able to make this decision independently, the desired abortion would be in her best interests."
443 U.S. at 643-44, 99 S.Ct. 3035 (footnotes omitted; emphasis added).
In its order, the trial court defined the "question before [it as] whether [the minor] is `mature and well-informed enough to make the abortion decision on her own,' or whether the `performance of the abortion would be in [her] best interest.'" (Emphasis added.) It defined the "question" in the singular  and in the disjunctive. This case, however, properly involves two questions, namely, (1) whether the minor is sufficiently mature and knowledgeable, and (2) whether an abortion would be in her best interest. Only if the court finds adversely to the minor as to both questions can it deny the petition. Ex parte Anonymous, 595 So.2d at 498.
It is clear that the trial court considered the questions in the alternative, and, to the extent it considered subsection (2) at all, it considered it primarily under the rubric of subsection (1), thereby failing to give proper consideration to the second prong. This fact is further borne out by the court's statement that it "[took] into consideration the risks involved and [the minor's] lack of understanding or even *523 knowledge of all of them" (emphasis added), in order to conclude "that the granting of this petition [was not] in her best interest." If this approach was proper, it would simply render superfluous the second prong of the Bellotti test and the Act.
Moreover, to the extent it did consider the second prong, the trial court improperly considered the "risks involved" in the abortion procedure. The record contains no evidence of risks specific to the petitioning minor. It is clear, therefore, that the court's conclusion was based solely on the sort of "generalized apprehension of the possible consequences of an abortion" that a plurality of this Court eschewed in Ex parte Anonymous, 810 So.2d at 792. In that case, the lead opinion stated:
"The trial court found that an abortion was not in S.R.J.'s best interest because the `risks attendant upon an abortion, physical and emotional, immediate and long-term, far outbalance her desire to escape from the predicament in which she finds herself, regardless of her willingness to assume those risks.' The only evidence in the record pertinent to such a finding is S.R.J.'s testimony concerning her knowledge of the possible adverse consequences of having an abortion. The trial court's finding appears to be based on a generalized apprehension of the possible consequences of an abortion rather than based on the facts developed in the record. Even given the presumption of correctness afforded the trial court's findings by the ore tenus rule, such a conclusory finding is a cause for concern when it is asserted as the basis for denying a right specifically conferred by a statute."
Id. (emphasis added).
In this connection, the minor contends:
"[T]he trial court here relied on the general risks of abortion as the basis of [its] best-interests finding. Accordingly, [its] conclusion that an abortion is not in [the minor's] best interests should be rejected. A contrary result would permit judges to effectively foreclose any minor from obtaining a waiver under the best-interest prong of the Alabama statute. This result is squarely at odds with Alabama law and the constitutional requirements laid out in Bellotti [v. Baird, 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979)]."
Minor's brief, at 15-16 (emphasis added). I agree.
Additionally, the premise that a first-trimester abortion, in general, involves greater risks than carrying the fetus to term may be factually unsound. This point was well expressed in Stenberg v. Carhart, 530 U.S. 914, 120 S.Ct. 2597, 147 L.Ed.2d 743 (2000), which stated:
"About 90% of all abortions performed in the United States take place during the first trimester of pregnancy, before 12 weeks of gestational age. Centers for Disease Control and Prevention, Abortion Surveillance  United States, 1996, p. 41 (July 30, 1999).... During the first trimester, the predominant abortion method is `vacuum aspiration,' which involves insertion of a vacuum tube (cannula) into the uterus to evacuate the contents. Such an abortion is typically performed on an outpatient basis under local anesthesia. [Carhart v. Stenberg,] 11 Fed. Supp.2d [1099, 1102 (D.Neb.1998)]; Obstetrics: Normal & Problem Pregnancies 1253-1254 (S. Gabbe, J. Niebyl, & J. Simpson eds.3d ed.1996). Vacuum aspiration is considered particularly safe. The procedure's mortality rates for first trimester abortion are, for example, 5 to 10 times lower than those associated with carrying the fetus to term. Complication rates are also low. Id., at 1251; Lawson et al., Abortion Mortality, United States, *524 1972 through 1987, 171 Am. J. Obstet. Gynecol. 1365, 1368 (1994); M. Paul et al., A Clinicians Guide to Medical and Surgical Abortion 108-109 (1999).... As the fetus grows in size, however, the vacuum aspiration method becomes increasingly difficult to use. 11 F.Supp.2d at 1102-1103; Obstetrics: Normal & Problem Pregnancies, supra, at 1268."
530 U.S. at 923-24, 120 S.Ct. 2597 (emphasis added).
At the time of the hearing in this case, the minor was in the first trimester of pregnancy. The "risks involved" in an abortion at that stage generally appear to be minimal in comparison to a full-term delivery. Indeed, the trial court did not purport to base its conclusion on evidence of circumstances peculiar to the minor that would increase the risk to her of an abortion during the first trimester. Trial courts may not use a "generalized apprehension of the possible consequences of an abortion," 810 So.2d at 792, as a surrogate for evidence on which to deny a minor's petition under § 26-21-4(f)(2).
In summary, the trial court held adversely to the minor on subsection (2) on two grounds, namely, lack of knowledge and perceived risks. The court's consideration of subsection (2) was legally insufficient, for two reasons. First, it improperly considered, under subsection (2), the minor's knowledge, which it had already properly considered under subsection (1). Second, the court's conclusion as to risks it perceived in the abortion procedure was not based on evidence, but apparently on mere speculation. Because neither of those grounds is properly considered under subsection (2), the trial court essentially failed to apply the two-pronged test required to deny a minor's petition under the Act.
The Court of Civil Appeals erred, therefore, in affirming the trial court's judgment. The judgment of the Court of Civil Appeals should be reversed, and a judgment granting a waiver of parental consent should be entered for the minor.
STUART, Justice (dissenting).
I would affirm the Court of Civil Appeals' judgment affirming the trial court's denial of the petition for a waiver of parental consent for an abortion.
BROWN, J., concurs.
NOTES
[1] This Court stated in Ex parte Anonymous, 595 So.2d 497, 498 (1992), that "under this section [26-21-4(f) and (g)], the petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests"; however, that statement was intended only to emphasize the disjunctive nature of those elements of the statute, and not to reassign the burden of proof.