956 So.2d 427 (2006)
In the Matter of ANONYMOUS, a minor.
No. 2060022.
Court of Civil Appeals of Alabama.
October 13, 2006.
PER CURIAM.
In most cases, Alabama law requires that, before performing an abortion upon an unemancipated minor, the person performing the abortion must obtain the written consent of a parent of the minor or a judicial waiver of the necessity of that *428 consent must have been granted. See § 26-21-3(a), Ala.Code 1975. On October 2, 2006, an unemancipated minor filed a petition in an Alabama juvenile court pursuant to § 26-21-4, Ala.Code 1975, seeking a waiver of parental consent for an abortion and requesting appointment of counsel. Under Alabama law, "[a] minor who elects not to seek . . . consent from either of her parents . . . may petition . . . the juvenile court . . . for a waiver of the consent requirement. . . ." Section 26-21-4(a), Ala.Code 1975.
Our legislature has specified that the consent requirement must be waived if the juvenile court finds either (1) "[t]hat the minor is mature and well-informed enough to make the abortion decision on her own" or (2) "[t]hat performance of the abortion would be in the best interest of the minor." Ala.Code 1975, § 26-21-4(f). Conversely, the "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests." Ex parte Anonymous, 595 So.2d 497, 498 (Ala.1992) (citing § 26-21-4(f), Ala.Code 1975). The legislature has also mandated that "[a] court that conducts proceedings under [§ 26-21-4] shall issue written and specific factual findings and legal conclusions supporting its decision." Ala.Code 1975, § 26-21-4(g).
On October 5, 2006, following an ore tenus proceeding, the juvenile court denied the minor's petition. The only findings and conclusions made in the juvenile court's judgment are that the minor is 16 years of age; that she is approximately 8 weeks pregnant; that she is a resident of a particular county in Alabama; and that, in the ore tenus proceeding, she "failed to show a level of maturity and level of information to meet the standard required to waive consent [or] authorization of a parent." The minor appeals.
On the authority Ex parte Anonymous, 889 So.2d 518, 518 (Ala.2003), we must conclude that the findings and conclusions of the juvenile court in this case are "conclusory and therefore fail to state grounds essential to meaningful appellate review." In particular, we note that the juvenile court's judgment addresses, in a conclusory manner, only the first prong of § 26-21-4(f), Ala.Code 1975  whether the minor is sufficiently mature and well-informed  and does not address, in any manner, the second prong  whether an abortion "would be in the best interest of the minor." Compare Ex parte Anonymous, 597 So.2d 711, 712-13 (Ala.1992) (denying petition for review and quoting extensive findings and conclusions of juvenile court as to both prongs).
The cause is remanded for the juvenile court "to detail sufficiently the basis for appropriate findings [and conclusions] and immediately to conduct such further proceedings, to include taking additional testimony or admitting further evidence, that may be necessary in order to do so." Ex parte Anonymous, 889 So.2d at 519.[1]
*429 The juvenile court is directed to enter a new judgment in conformity with this opinion and to transmit that judgment to this court by no later than 5:00 p.m. on Monday, October 16, 2006.
REMANDED WITH INSTRUCTIONS.[*]
CRAWLEY, P.J., and PITTMAN, J., concur.
THOMPSON, J., concurs in the result, without writing.
MURDOCK and BRYAN, JJ., concur in the judgment of remand, but dissent in part as to the rationale and the instructions on remand, with writings.
MURDOCK, Judge, concurring in the judgment of remand, but dissenting in part as to the rationale and the instructions on remand.
The main opinion in the present case correctly notes that the main opinion in Ex parte Anonymous, 889 So.2d 518 (Ala. 2003), indicated that findings and conclusions of the nature embodied in the juvenile court's judgment in the present case require this court to remand the cause for more specific findings and conclusions. As to the conditions that the juvenile court must find to exist in order to deny a petition for waiver of parental consent, I continue to adhere to the view I expressed in In re Anonymous, 888 So.2d 1265, 1267-68 (Ala.Civ.App.2004) (Murdock, J., concurring in order of remand only), namely:
"I cannot agree with the rule of decision with which the main opinion apparently remands this case.
"Section 26-21-3(a), Ala.Code 1975, of Alabama's parental-consent statute provides, in part, that `[e]xcept as otherwise provided in subsections (b) and (e) of this section and Sections 26-21-4 and 26-21-5[, Ala.Code 1975,] no person shall perform an abortion upon an unemancipated minor unless he or his agent first obtains the written consent of either parent or the legal guardian of the minor.' In order to `bypass' this restriction, the statute places upon the minor the burden of pleading, and also the burden of proving, either (a) that she is mature enough and well informed enough to intelligently make the decision whether to have an abortion without the consent of either of her parents or her legal guardian or (b) that parental consultation is not in her best interests. See §§ 26-21-4(d)(4) and 26-21-4(f). Nonetheless, as noted in the main opinion, our Supreme Court has stated that a `petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is [not mature enough] and not well enough informed to make the abortion decision on her own and (2) that performance of the abortion would not be in her best interests.' Ex parte Anonymous, 618 So.2d 722, 723 (Ala.1993) (emphasis on `not' added; other emphasis original). As a matter of logic, however, saying that a plaintiff shall be entitled to relief if she can prove `x' or `y' is not the same as saying that a plaintiff may be denied that relief only if the trial court can and does find the negative of `x' and the negative of `y.' To state the rule of decision in the latter way removes the burden of proof from the minor and establishes a default rule that the minor *430 is entitled to obtain an abortion without her parent's consent.1 I write today to express my view that the parental-consent statute does not appear to establish such a rule of decision; nor do I believe our Supreme Court has intended to do so. For example, I do not believe that the statute provides  or that our Supreme Court has intended to hold  that a trial court, in order to uphold the requirement that the minor obtain parental consent before obtaining an abortion, must affirmatively find that parental consultation is not in the minor's best interests; as to this prong, it is enough that the minor simply fails to meet her burden of proving that it is in her best interests to proceed without her parent's consent.
"1 Such a default rule would be the opposite of that which has been established by the Legislature in §§ 26-21-1, 26-21-3, and 26-21-4."
In other words, Alabama's parental-consent statute places the burden of proof on the minor, and therefore her petition is due to be denied if she fails to meet that burden as to both of the prongs of the applicable test. It is not necessary for the juvenile court to find that the preponderance of the evidence supports the converse of each of those prongs.
Further, the minor either met her burden of proof or failed to do so in the course of an evidentiary hearing at which she was represented by counsel and had an opportunity to present such evidence as she and her counsel saw fit. There is no allegation of procedural irregularity associated with that hearing. I see no basis in our jurisprudence for providing the minor with a second opportunity for an evidentiary hearing merely because the juvenile court did not properly frame its written order. I therefore dissent as to that portion of the main opinion instructing the juvenile court that it may conduct a second evidentiary hearing in this case.
BRYAN, Judge, concurring in the judgment of remand, but dissenting in part as to the rationale and the instructions on remand.
I am constrained by our supreme court's decision in Ex parte Anonymous, 595 So.2d 497 (Ala.1992), holding that, pursuant to § 26-21-4(f) and (g), Ala.Code 1975,
"the petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests."
595 So.2d at 498 (some emphasis in original; some emphasis added). Accordingly, the main opinion correctly concludes that, pursuant to § 26-21-4(f) and (g), the juvenile court failed to make the requisite findings of fact and legal conclusions to support its judgment.
However, our supreme court has stated: "[T]he burden of proof with respect to both the maturity/well-informed prong and the best-interest prong of § 26-21-4(f), Ala.Code 1975, lies with the minor." Ex parte Anonymous, 889 So.2d 525, 525 (Ala. 2003) (citing In re Anonymous, 833 So.2d 75, 78 (Ala.Civ.App.2002) (emphasis added)). Thus, I agree with Judge Murdock's special writing insofar as it states that "`the statute places upon the minor the burden of pleading, and also the burden of proving'" that she meets the requirements of § 26-21-4(f). 956 So.2d at 429 (quoting In re Anonymous, 888 So.2d 1265, 1268 (Ala.Civ.App.2004) (Murdock, J., concurring in order of remand only)). Because it is the minor's burden to prove that she meets the requisite statutory requirements, *431 I believe that the minor had sufficient opportunity to present evidence to establish her burden of proof in the first evidentiary hearing.[2] Based on the foregoing reasons, I must dissent from this court's opinion instructing that the juvenile court may hold a second evidentiary hearing.
NOTES
[1] Although the Supreme Court indicated in Ex parte Anonymous, 889 So.2d at 519, that "further proceedings" may be necessary in order for a juvenile court to fulfill its obligation to state findings of fact and conclusions of law pursuant to the legislative mandate set forth in Ala.Code 1975, § 26-21-4(g), we do not discern from the Supreme Court's opinion a requirement that a juvenile court must conduct additional proceedings if the existing record, in that court's view, is sufficient to permit compliance with § 26-21-4(g). Rather, we interpret the quoted language to hold that the discretion to conduct additional proceedings on remand in aid of the juvenile court's obligation to comply with § 26-21-4(g) ultimately lies in that court, and the holding of such proceedings should neither be compelled by nor forbidden by an appellate court.
[*] Note from the reporter of decisions: On October 18, 2006, on return to remand, the Court of Civil Appeals affirmed, without opinion.
[2] The main opinion relies on Ex parte Anonymous, 889 So.2d 518 (Ala.2003), instructing that the juvenile court may, on remand, take additional evidence. However, I note that that opinion is a plurality opinion.